IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS AYESTAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-2999 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Carlos Ayestas has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction and death sentence for capital murder. Respondent Rick Thaler has filed a motion for summary judgment. Among Thaler's arguments is that several of Ayestas's claims are unexhausted and procedurally defaulted. Ayestas has now filed a motion to stay this case to allow him to return to state court to exhaust his claims.

The federal habeas corpus statute requires that a prisoner exhaust his available State remedies before raising a claim in a federal habeas petition.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

1

> judgment of a state court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Where it is possible for a petitioner to exhaust his claims, a stay may be appropriate. *See, e.g., Rhines v. Webber*, 544 U.S. 269 (2005). A stay in this case, however, would be futile because Petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. Tex.CodeCrim.Proc.Ann. art. 11.071 § 5(a) (Vernon Supp. 2002). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d

633, 642 (5th Cir. 1995) (per curiam). The Fifth Circuit has made clear that, when a claim fails to clear the unavailability hurdle, the presumption is that the Court of Criminal Appeals dismissed a successive application on that independent and adequate state ground and did not address any federal constitutional issue, thus raising a procedural bar. *See Balentine v. Thaler*, ___ F.3d ___, 2010 WL 4630829 (5th Cir. Nov. 17, 2010). Ayestas does not contend that his claims were unavailable when he filed his initial application.

Ayestas contends that the TCCA might allow a successive petition on equitable grounds when state habeas counsel was incompetent. Setting aside the question of whether this contention is true in the abstract, it is inapplicable here because there is no indication that state habeas counsel was incompetent. While Ayestas argues at great length that state habeas counsel did not raise a number of claims, the fact is that counsel filed a lengthy state habeas application raising 15 claims for relief. The fact that federal habeas counsel has identified some other non-frivolous issues does not render state counsel incompetent or the state process ineffective. To find otherwise would be an invitation to gamesmanship and deliberate delay.

In sum, there is every reason to believe that the TCCA would dismiss any successive petition as an abuse of the writ on independent and adequate state grounds, and no reason to believe

that the TCCA would allow a successive petition. Therefore, there is no basis for staying this case. Accordingly,

IT IS ORDERED THAT Petitioner's Motion To Stay And Abey Federal Proceedings (Document 15) is **Denied**.

SO ORDERED.

SIGNED at Houston, Texas, on this **3rd** day of January, 2011.

Sim Lake
United States District Judge