IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, <br> also known as Dennis Humberto <br> Zelaya Corea, <br><br> Petitioner, <br><br> -v- <br><br><br> WILLIAM STEPHENS, <br> Director, Texas Department of Criminal <br> Justice, Correctional Institutions Division <br><br> Respondent. | § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br> NO. 4:09-cv-2999 <br><br><br><br> CAPITAL CASE |

**PETITIONER'S MOTION FOR BRIEFING SCHEDULE TO ALLOW THE PARTIES TO BRIEF THE EFFECT OF *TREVINO V. THALER* AND *MARTINEZ V. RYAN* ON THE ISSUES IN THIS CASE**
(<u>Unopposed</u>)

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, Petitioner, Carlos Manuel Ayestas, whose real name is Dennis Humberto Zelaya Corea ("Mr. Zelaya"), and moves that the Court enter an order setting a briefing schedule for the parties to brief the impact of the Supreme Court's landmark decisions in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), on the issues in this case.

Mr. Zelaya has conferenced this request with counsel for Respondent, William Stephens (the "Director"), and is authorized to report that he <u>does not oppose</u> this motion.

Mr. Zelaya would show the Court the following:

1

## I. Background

Mr. Zelaya filed a petition for writ of habeas corpus in this Court on September 11, 2009. (DE 1). He raised numerous claims, including a claim that his trial counsel rendered ineffective assistance of counsel ("IATC" claim). In his answer, the Director contended that the IATC claim—particularly as it related to Mr. Zelaya's history of drug and alcohol abuse and his mental health problems—was unexhausted and thus procedurally defaulted. (DE 11). On January 26, 2011, this Court rejected Mr. Zelaya's claims, including the IATC claim. *Memorandum Opinion and Order*, passim. (DE 19) In doing so, the Court agreed with the Director that Mr. Zelaya's IATC claim, at least as it related to drug and alcohol abuse and mental health problems, was procedurally defaulted. *Id*. at 11-16. Specifically, the Court held that Mr. Zelaya's "evidence of his alleged mental illness and substance abuse, however, raise a new, unexhausted claim . . . ." *Id*. at 12. Because the Texas Court of Criminal Appeals would undoubtedly apply a procedural bar if Mr. Zelaya were allowed to return to exhaust these claims and because Mr. Zelaya had made no showing of cause, specifically "a showing that some objective factor external to the defense impeded counsel's efforts to comply with the state procedural rule," the Court declined to address these claims because they were procedurally defaulted. *Id*. at 15-16.

Mr. Zelaya appealed the denial of relief to the Fifth Circuit Court of Appeals. On February 22, 2012, the court denied Mr. Zelaya's request for a certificate of appealability. *Ayestas v. Thaler*, No. 11-70004, slip op. (5th Cir., Feb. 22, 2012). The court agreed with this Court's disposition of the IATC claim, noting that because "[g]enerally, errors by 'habeas counsel cannot provide cause for a procedural default,'" the unexhausted IATC claim was "procedurally barred." *Id*. at 13 (quoting *Cantu v. Thaler*, 632 F.3d 157, 166 (5th Cir. 2011)). Subsequently, the Supreme Court of the United States decided *Martinez v. Ryan*, 132 S. Ct. 1309

(2012), holding for the first time that ineffective assistance of state habeas counsel may, under certain circumstances, qualify as cause for a defaulted IATC claim. Mr. Zelaya requested that the Fifth Circuit vacate the judgment and remand to this Court to reconsider the IATC claims in light of *Martinez*. On June 28, 2012, another panel of the Fifth Circuit held that *Martinez* did not apply to Texas cases. *See Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012), and based upon this binding precedent, the panel in Mr. Zelaya's case denied the motion to vacate and remand.

Mr. Zelaya sought review in the Supreme Court of the United States. The Supreme Court then decided *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), holding that *Martinez* does apply to Texas cases, such as Mr. Zelaya's. On June 3, 2013, the Court granted Mr. Zelaya's petition for writ of certiorari, vacated the judgment of the Fifth Circuit, and remanded to that court "for further consideration in light of *Trevino* . . . ." *Ayestas v. Thaler*, No. 12-6656, 2013 U.S. LEXIS 4237 (2013).

After considering supplemental briefing of the parties, on January 30, 2014, the Fifth Circuit remanded the case to this Court for reconsideration in light of *Martinez* and *Trevino*. *Ayestas v. Williams*, No. 11-70004, slip op., at 3 (5th Cir., Jan. 30, 2014).

## II. Request for Briefing Schedule

This case on remand presents important questions concerning the applicability of *Martinez* and *Trevino* to the defaulted IATC claim. The general rule underlying *Martinez* and *Trevino* is that procedurally defaulted IATC claims may be excused for cause by proof that state habeas counsel provided ineffective assistance under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Also, in order to establish cause under *Martinez* and *Trevino*, a petitioner must show that the underlying IATC claim is substantial, which means that it has

3

some merit. Additional briefing is required to assist this Court in determining how these principles impact the issues in this case.

For these reasons, Mr. Zelaya suggests and requests that as an initial matter the parties should be allowed to brief the variety of issues that now arise in the wake of the *Martinez* and *Trevino* holdings. Respondent is not opposed.

Petitioner therefore requests that the Court enter a briefing schedule, ordering the parties to address the impact of the *Trevino* and *Martinez* decisions on all aspects of this case, both substantive and procedural. Mr. Zelaya requests that he be given 60 days from the date of the Court's order granting this motion to file his supplemental brief, that the Director be given 60 days thereafter to file his brief, and that Mr. Zelaya be allowed 20 days thereafter to file any reply.

WHEREFORE, PREMISES CONSIDERED, Petitioner, Carlos Manuel Ayestas, whose real name is Dennis Humberto Zelaya Corea, respectfully requests that the Court

    (1)    Grant the briefing schedule set out in this motion; and

    (2)    Grant any further relief to which Mr. Zelaya may be entitled.

    Respectfully submitted,

    PAUL E. MANSUR
    Texas Defender Service
    Senior Staff Attorney
    Texas Bar No. 00796078
    P.O. Box 1300
    Denver City, Texas 79323
    (806) 215-1025 (telephone)
    (806) 592-9136 (facsimile)
    pmansur@texasdefender.org

    By:  /s/ Paul E. Mansur
          Paul E. Mansur
          Member of the Bar of this Court

                                                        Attorneys for Petitioner,
                                                        Carlos Manuel Ayestas

### *Certificate of Conference*

I hereby certify that on April 1, 2014, I conferred with counsel for Respondent, Jeremy Greenwell, on this matter. Respondent does not oppose the relief requested in this motion.

                                                        /s/ Paul E. Mansur
                                                        Paul E. Mansur

### *Certificate of Service*

I hereby certify that on April 1, 2014, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. District Court, Northern District of Texas. The ECF system sent a "Notice of Electronic Filing" to counsel for Respondent:

Greg Abbott  
attn: Jeremy Greenwell  
Texas Attorney General  
Postconviction Litigation Division  
P.O. Box 12548  
Austin, Texas 78711-2548

                                                        /s/ Paul E. Mansur
                                                        Paul E. Mansur

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS,<br>also known as Dennis Humberto<br>Zelaya Corea,<br><br>   Petitioner,<br><br>-v-<br><br>WILLIAM STEPHENS,<br>Director, Texas Department of Criminal<br>Justice, Correctional Institutions Division<br><br>   Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 4:09-cv-2999<br><br><br><br><br>CAPITAL CASE |

# ORDER

Petitioner, Carlos Manuel Ayestas, is a death row inmate, currently in the custody of the Texas Department of Criminal Justice. On June 3, 2013, the Supreme Court of the United States granted Mr. Zelaya's petition for writ of certiorari, vacated the judgment below, and remanded the case for reconsideration in light of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). On January 30, 2013, the Fifth Circuit remanded the case to this Court to reconsider the issues in light of these cases.

Petitioner has requested that the Court enter a briefing schedule for the parties to address the impact of the *Trevino* and *Martinez* decisions on this case. Respondent does not oppose this request.

Accordingly,

IT IS ORDERED THAT Petitioner's unopposed motion to set briefing schedule is GRANTED.

2

IT IS FURTHER ORDERED THAT Petitioner may file his brief addressing the impact of *Trevino* and *Martinez* on this case within 60 days of the date of this order. Respondent shall file his brief addressing these matters within 60 days thereafter. Petitioner shall file a reply, if any, within 20 days thereafter.

SIGNED on this the ____ day of _____, 2014.

_____
UNITED STATES DISTRICT JUDGE