IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, <br> a/k/a Dennis Humberto Zelaya Corea, <br><br> Petitioner, <br><br> -v- <br><br> WILLIAM STEPHENS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § § § § | No. 4:09-cv-2999 <br><br><br><br> CAPITAL CASE |

### PETITIONER'S MOTION FOR LEAVE TO AMEND
### ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, Petitioner, Dennis Humberto Zelaya Corea ("Mr. Zelaya"), under the name Carlos Manuel Ayestas, and files this motion, under Federal Rule of Civil Procedure ("FRCP") 15, for leave to amend the original petition for writ of habeas corpus pending in this Court. Mr. Zelaya seeks leave to amend this petition to add claims that, based on newly-discovered evidence, the state conviction and sentence violated: (1) the Equal Protection Clause of the Fourteenth Amendment, and (2) the Cruel and Unusual Punishment Clause of the Eighth Amendment, as applied to the states by the Due Process Clause of the Fourteenth Amendment. These claims arise out of the recent discovery of a prosecution memo in which a prosecutor expressly identified Mr. Zelaya's status as a foreign national as a reason for seeking the death penalty. As cause, Mr. Zelaya would show the Court as follows:

1

## I. Introduction

This case is on remand from the Fifth Circuit and the Supreme Court of the United States in the wake of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The parties submitted supplemental briefing, and the court denied relief on November 18, 2014. Mr. Zelaya timely filed, under FRCP 59, a motion to alter or amend the judgment on December 16, 2014. The Rule 59 motion is currently pending before the Court.

On December 22, 2014, counsel for Mr. Zelaya discovered a memorandum prepared by the State, entitled "Capital Murder Summary" and attached to this motion as Exhibit A. The Capital Murder Summary indicates that Mr. Zelaya's status as a foreign national played a significant role in the State's decision to seek the death penalty. Mr. Zelaya seeks to amend his petition for writ of habeas corpus to raise the constitutional claims specified above.

## II. Discussion

Mr. Zelaya seeks to amend his habeas petition to add two claims. Such amendment is permissible under FRCP 15(a) and is warranted on the merits.

### A. FRCP 15(a)(2) permits this Court to grant post-judgment leave to amend "when justice so requires."

Rule 15(a)(2) governs amendments where there is no trial—including post-judgment amendments—and it provides that the "court should freely give leave when justice so requires." In accordance with FRCP 15(a), parties may amend their pleadings, even after judgment, provided the party meets the requirements of the applicable post-judgment vehicle for asserting the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (in a case where complainant made a post-judgment motion to amend, holding that "the grant or denial of an opportunity to amend is within the discretion of the District Court"); 6 FED. PRAC. & PROC. CIV. § 1489 (3d ed.) ("Most courts faced with the [FRCP 15 post-judgment amendment] problem have held that once

a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."). The Fifth Circuit observes a liberal policy of granting leave to amend, even after judgment. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("[FRCP 15(a)] evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits . . . .") (citing *Foman*, 371 U.S. at 182).

Mr. Zelaya intends to file a corresponding motion under FRCP 59 shortly,[1] but no formal motion is necessary for this Court to grant the relief requested. Under FRCP 59(d), a subsection entitled "New Trial on the Court's Initiative or for Reasons Not in the Motion," this Court already has the power to set aside the judgment for any reason. That power arises by virtue of Mr. Zelaya having filed a prior FRCP 59 Motion on December 16: "After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion." FRCP 59(d).

> **B.    Justice requires leave to amend because newly discovered evidence shows that the State might have violated the Eighth and Fourteenth Amendments by relying on Mr. Zelaya's national origin as a reason to seek the death penalty.**

The Fourteenth Amendment provides, in relevant part, that no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend XIV, § 1. The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. Treatment that differs based on national origin is a suspect classification and is subject to strict scrutiny under equal

---

[1] Additionally, Mr. Zelaya intends to file a motion, under *Rhines v. Weber,* 544 U.S. 269 (2005), to stay and hold in abeyance the federal proceedings so that he may return to the state court to exhaust the claims described in this Motion.

3

protection analysis. *See Clark v. Jeter*, 486 U.S. 456, 461 (1988) ("Classifications based on race or national origin, *e.g., Loving v. Virginia*, 388 U.S. 1, 11, 87 S.Ct. 1817, 1823, 18 L.Ed.2d 1010 (1967), . . . are given the most exacting scrutiny."); *see also Yick Wo v. Hopkins,* 118 U.S. 356, 373 (1886). The Supreme Court has repeatedly stated that prosecutorial discretion cannot be exercised on the basis of race, national origin, or other arbitrary classifications. *See, e.g., McCleskey v. Kemp*, 481 U.S. 279, 310 n.30 (1987) (citing *Wayte v. United States*, 470 U.S. 598 (1985); *United States v. Batchelder*, 442 U.S. 114 (1979); *Oyler v. Boles*, 368 U.S. 448 (1962)). By extension, prosecutorial discretion in state sentencing decisions, such as whether to seek the death penalty, may not discriminate on the basis of national origin without violating the the Equal Protection Clause. Moreover, consideration of factors that are "constitutionally impermissible or totally irrelevant to the sentencing process, such as for example the race, religion, or political affiliation of the defendant," and by extension the defendant's national origin, would violate the Eighth Amendment bar against cruel and unusual punishments, as incorporated against the states by the Fourteenth Amendment. *Zant v. Stephens*, 462 U.S. 862, 885 (1983).

In this case, Mr. Zelaya recently discovered the Capital Murder Summary (Exhibit A), prepared by the prosecution team, indicating that his status as a foreign national played a role in the State's decision to seek death.[2] The Capital Murder Summary was prepared by the assigned court chief, Kelly Siegler, and was dated September 19, 1995. After listing the some of the circumstances of the crime and the pending investigation, the report detailed the aggravating

---

[2] The memorandum was discovered when counsel for Mr. Zelaya reviewed portions of the State's file at the Office of the District Attorney in Houston on December 22, 2014. Needless to say, the State had never made Mr. Zelaya aware of the memorandum or its contents at any previous time. *See Banks v. Dretke*, 540 U.S. 668, 696 (2004) ("A rule thus declaring 'prosecutor may hide, defendant must seek,' is not tenable in a system constitutionally bound to accord defendants due process.").

4

circumstances the State believed supported its discretionary decision to seek the death penalty. One aggravating factor cited is the fact that Mr. Zelaya was not a United States citizen. The indictment recommendation by Siegler—as well as by the division chief, Casey O'Brien, the bureau chief, Keno Henderson, and the district attorney, John B. Holmes, Jr.—indicated that the case would be charged as a capital murder. The district attorney, in a handwritten recommendation at the end of the report on Mr. Zelaya, approved seeking the death penalty on Mr. Zelaya.

At some point before Mr. Zelaya discovered the document on December 22, 2014, someone drew a line through the recommendation that the state seek death because Mr. Zelaya was a foreign national. The fact that Mr. Zelaya's alienage status was even mentioned as an aggravating factor in considering how to charge Mr. Zelaya is significant, and the fact that someone, at some point, drew a line through this notation does not cure the constitutional violations the Capital Murder Summary discloses. At present, it is unknown who made the mark, when that person made it, what that person intended, how many phases of prosecution review the Capital Murder Summary passed without the mark, and whether Mr. Zelaya's national origin nevertheless continued to be a factor when the district attorney ultimately authorized seeking the death penalty. At the very least, further investigation and discovery will be required to determine answers to these questions, *cf. Wade v. United States*, 504 U.S. 181, 186-87 (1992), and the presence of a mark, standing alone, does not resolve the important constitutional questions raised in this motion.

As stated, the Capital Murder Summary raises serious equal protection, due process, and Eighth Amendment, concerns. Given this newly discovered and disturbing evidence, justice requires that amendment be permitted under FRCP 15. Thus, Mr. Zelaya seeks leave to amend

his original petition to raise these claims.  Mr. Zelaya requests that the Court grant him no less than 60 days to amend the petition to include them.

### III.  Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully requests that the Court grant this motion for leave to amend the original petition for writ of habeas corpus, allow Mr. Zelaya to file amendments within 60 days of the Court's order, and grant him any other relief to which he may be entitled.

Respectfully submitted,

PAUL E. MANSUR
Texas Defender Service
Senior Staff Attorney
Texas Bar No. 00796078
P.O. Box 1300
Denver City, Texas 79323
(806) 215-1025 (telephone)
(806) 592-9136 (facsimile)
pmansur@midtech.net
 Member of the Bar of this Court

BENJAMIN B. WOLFF
Texas Bar No. 24091608
Staff Attorney
Texas Defender Service
510 South Congress, Suite 304
Austin, Texas 78704
(Tel) 512-320-8300
(Fax) 512-447-2153
bwolff@texasdefender.org
 Member of the Bar of this Court

By:  /s/ Paul E. Mansur
      Paul E. Mansur
      Attorneys for Petitioner

### *Certificate of Conference*

I certify that on January 9, 2015, I discussed the merits of this motion with counsel for Respondent, Jeremy Greenwell, and he informed me that Respondent is <u>opposed</u> to the requested relief.

/s/ Paul E. Mansur

### *Certificate of Service*

I certify that on January 9, 2015, I served, by ECF, a true and correct copy of the motion for leave to amend the original petition for writ of habeas corpus upon opposing counsel at the following address:

Greg Abbott
attn:  Jeremy Greenwell
Texas Attorney General
Postconviction Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548

/s/ Paul E. Mansur
Paul E. Mansur

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS,
# HOUSTON DIVISION

| | | |
|---|---|---|
| **CARLOS MANUEL AYESTAS,** a/k/a Dennis Humberto Zelaya Corea, | § § § § | |
| **Petitioner,** | § § § | |
| -v- | § § § § | No. 4:09-cv-2999 |
| **WILLIAM STEPHENS**, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | **CAPITAL CASE** |
| **Respondent.** | § | |

# ORDER

Came on this day to be considered Petitioner's Motion for Leave to Amend Original Petition for Writ of Habeas Corpus, and the Court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is ORDERED, ADJUDGED, and DECREED that Petitioner's motion is hereby GRANTED, and Petitioner, Carlos Manuel Ayestas, has 60 days from the date of this order to amend his original petition.

SIGNED on this the ____ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE