**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS,**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARLOS MANUEL AYESTAS,** | § | |
| **a/k/a Dennis Humberto Zelaya Corea,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **USDC No. 4:09-cv-2999** |
| **v.** | § | |
| | § | **Capital Case** |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**SUPPLEMENT TO PETITIONER'S RULE 59 MOTION TO ALTER OR AMEND THE JUDGMENT URGING COURT TO GRANT LEAVE TO AMEND ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS**

NOW COMES Petitioner, Dennis Humberto Zelaya Corea ("Mr. Zelaya"), under the name Carlos Manuel Ayestas, in accordance with Federal Rule of Civil Procedure ("FRCP") 59, and files this request to alter or amend the judgment, supplementing the extant Rule 59(e) motion filed December 16, 2014. This motion addresses the three options this Court has to grant Mr. Zelaya relief and to allow him to amend his original petition to raise important new claims arising from the recent discovery of previously unavailable evidence. Mr. Zelaya would respectfully show the Court the following:

**I. Background**

This Court entered a Final Judgment and a Memorandum Opinion and Order denying Mr. Zelaya's claims for relief on November 18, 2014. In accordance with FRCP 59, Mr. Zelaya filed a motion to alter or amend on December 16, 2014. *Petitioner's Motion to Alter or Amend Judgment*. (Doc. No. 53) [hereinafter *First Rule 59 Motion*] This motion remains pending before

1

the Court.  On December 22, 2014, Mr. Zelaya's counsel discovered a new document, entitled "Capital Murder Summary," indicating that the State considered Mr. Zelaya's national origin, and by implication his status as a Latino, as an aggravating factor in deciding to charge him with capital murder and in seeking the death penalty.  On January 9, 2015, Mr. Zelaya, based on this newly available evidence, sought leave under FRCP 15 to amend his original petition for a writ of habeas corpus to include claims associated with the newly discovered evidence.  *Petitioner's Motion for Leave to Amend Original Petition for Writ of Habeas Corpus* (Doc. No. 54.) [hereinafter *Rule 15 Motion*].  Mr. Zelaya attached a copy of the Capital Murder Summary to this motion as Exhibit A.  Specifically, the state's consideration of his alienage status violated his rights under the Equal Protection Clause of the Fourteenth Amendment and the Cruel and Unusual Punishments Clause of the Eighth Amendment.

In the Rule 15 Motion, Mr. Zelaya indicated that he would file a request, under FRCP 59, asking this Court to set aside the judgment based on claims arising from the newly available evidence.  *Rule 15 Motion*, at 3.  He also indicated that he would file a motion under *Rhines v. Weber*, 544 U.S. 269 (2005), to stay and hold this proceeding in abeyance so that he may return to state court in order to exhaust the new claims.  Mr. Zelaya hereby seeks the post-judgment relief identified in the motion to amend.  *Rule 15 Motion*, at 3.  (He will ask for the *Rhines* stay in a separate filing.)

Mr. Zelaya asks this Court to either: 1) Grant Mr. Zelaya's First Rule 59 motion on the grounds stated in that motion, while also granting Mr. Zelaya's Rule 15 Motion to amend the original petition for writ of habeas corpus to allow for litigation of these important constitutional issues; 2) Invoke Rule 59(d) and, after giving notice and opportunity to be heard, grant Mr. Zelaya's First Rule 59(e) motion on the basis of the constitutional issues raised by the newly

discovered prosecution memorandum, and further grant Mr. Zelaya's Rule 15 motion to amend the petition; or 3) Grant this supplemental Rule 59(e) motion, and further grant Mr. Zelaya's Rule 15 motion to amend the petition.

## II. Discussion

In order to allow a post-judgment amendment to the pleadings, a court must first set aside the judgment. In this case, this Court has at least three options, under the FRCP, to set aside the judgment and thereby correct a potential miscarriage of justice in the State's prosecution of Mr. Zelaya.

A.   This Court may grant Mr. Zelaya's First Rule 59 Motion and then allow Mr. Zelaya leave to amend the petition.

Once a judgment has been entered, the district court must, as a technical matter, set aside or vacate the judgment before permitting an amendment of the pleadings under FRCP 15(a). *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981) (holding that granting the plaintiff's FRCP 15(a) motion "would require the trial court to vacate the judgment"). *See also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (holding that a court may not deny a post-judgment motion to amend simply because a judgment has been entered, but the court likewise cannot grant such a motion until the judgment has been set aside).

One purpose of a motion to alter or amend under FRCP 59(e) is to allow a party to correct manifest errors of law or fact affecting a court's judgment. *See In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Mr. Zelaya's First Rule 59 motion was premised on this ground. The Supreme Court remanded this case to allow reconsideration of Mr. Zelaya's defaulted ineffective assistance of counsel ("IATC") claims in light of the Court's landmark opinions in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013),

3

and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  This Court summarily dismissed Mr. Zelaya's IATC claims, and in response, Mr. Zelaya filed a Rule 59 Motion, pointing out that the Court manifestly erred in failing to accord him meaningful review of his IATC claims as contemplated by *Martinez* and *Trevino*.  A motion to alter or amend may also be used to prevent a manifest injustice.  *See GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999); *Delta Ltd. v. U.S. Customs and Border Protection Bureau*, 393 F. Supp. 2d 15, 17 (D.D.C. 2005); *Mobile Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1377 (D. Del. 1994).

In order to permit Mr. Zelaya to raise these newly available and previously unavailable claims (and in the process to correct a manifest injustice that would occur in prohibiting any consideration of these significant and important claims), this Court should grant Mr. Zelaya's First Rule 59 Motion, on the ground specified therein, and then grant leave to amend his petition to include the new claims.

> B.     This Court, after giving notice to the other side and an opportunity to respond, may exercise its authority under FRCP 59(d) to grant Mr. Zelaya's First Rule 59 Motion based claims raised by the newly discovered evidence and then allow Mr. Zelaya to amend his petition to include these claims.

In his Rule 15 Motion to amend the petition, Mr. Zelaya pointed out that this Court has authority set out in FRCP 59(d) to set aside the judgment on grounds other than those set out in the First Rule 59 Motion.  *Rule 15 Motion*, at 3.  Under FRCP 59(d), a subsection entitled "New Trial on the Court's Initiative or for Reasons not in the Motion," this Court has the power to set aside the judgment for any reason.  This provision states:  "After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for new trial for a reason not stated in the motion."  FRCP 59(d).  Mr. Zelaya requests that this Court exercise the authority granted

4

by FRCP 59(d), set aside the judgment, and then grant Mr. Zelaya's Rule 15 motion to amend the petition to include the new claims.

> C.       Finally, this Court may grant treat this supplement as a separate Rule 59 motion, set aside the judgment, and then allow Mr. Zelaya leave to amend his petition.

A court may consider a second Rule 59 motion as long as it is filed less than 28 days after disposition of the first Rule 59 motion and as long as it raises grounds for relief from the judgment that could not have been raised in the first motion. *See Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 85 (5th Cir. 1992) (citing *Charles L.M. v. Northeast Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989)) (holding that second Rule 59 motion may be considered where a different ground for relief from the judgment is raised in the subsequent motion); *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973) (considering a second Rule 59 motion); *see also Phillips v. Montgomery County*, 24 F.3d 736, 738 (5th Cir. 1994) (a subsequent motion raising identical issues does not stop the appellate clock on summary judgment); *Keller v. Louisiana*, 54 F. App'x. 591 (5th Cir. 2002) (successive motions to reconsider do not toll the appellate deadline, unless they raise new grounds for reconsideration not alleged in previous petitions.).

A Rule 59 motion to alter or amend can be used to allow a party to present newly discovered, previously unavailable evidence to the court. *See Templet v. Hydrochem, Inc.*, 367 F.3d at 479 (noting that one imperative purpose of a FRCP 59 motion is to allow courts to "render just decisions on the basis of all the facts"); *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d at 834 ("To constitute 'newly discovered evidence,' the evidence must have been previously unavailable."); *Webber v. Mefford*, 43 F.3d 1340, 1344 (10th Cir. 1994); *Waltman*, 875 F.2d at 473-74. Thus, as a third option, this Court may grant this supplemental

Rule 59 Motion, set aside the judgment, and then allow Mr. Zelaya leave to amend the original petition to include the new claims.[1]

> D.     Mr. Zelaya's Equal Protection and Eighth Amendment claims, arising from this newly discovered, previously unavailable evidence, are significant, and this Court should set aside the judgment in order to allow for their development and consideration.

Mr. Zelaya's recent discovery of the Capital Murder Summary, *see Rule 15 Motion, Exhibit A*, prepared by the prosecution team, indicated that his status as a foreign national played a role in the State's decision to seek death. In fact, Mr. Zelaya's national origin is cited as one of only two aggravating factors militating in favor a death penalty prosecution. After listing the some of the circumstances of the crime and the pending investigation, Harris County District Attorney Court Chief Kelly Siegler then listed the circumstance of Mr. Zelaya's alienage as an aggravating factor weighing in favor of the death penalty. The indictment recommendation by Siegler—as well as by the division chief, Casey O'Brien, the bureau chief, Keno Henderson, and the district attorney, John B. Holmes, Jr.—indicated that the case would be charged as a capital murder. Additionally, the district attorney, in a handwritten recommendation at the end of the report on Mr. Zelaya, approved seeking the death penalty on Mr. Zelaya.

The Capital Murder Summary provides the kind of direct evidence of discriminatory purpose rarely seen in cases raising equal protection violations. *Cf. United States v. Tuitt*, 68 F. Supp. 2d 4, 10 (D. Mass. 1999). It is an internal Harris County District Attorney memorandum

---

[1]     This option is questionable because the Fifth Circuit has extended the holding of *Gonzales v. Crosby*, 545 U.S. 526 (2005), that a FRCP 60(b) motion that challenges the substance of a court's prior judgment, rather than a procedural irregularity in the federal post-conviction proceedings, is properly characterized as a second or successive writ application under 28 U.S.C. § 2244(b), to Rule 59(e) motions. *See Williams v. Thaler*, 602 F.3d 291, 301-03 (5th Cir. 2010). The *Williams* Court refused to follow the contrary holding by the Sixth Circuit in *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008). *Williams*, 602 F.3d at 304 n.10. Both the Fifth Circuit and the Sixth Circuit acknowledged that there is a circuit split on this issue. *Id*. at 302 n.5, 304, n.10; *Howard*, 533 F.3d at 474, 476.

that provides a unique window into the factors that high-level supervisorial prosecutors believed to be relevant to a decision on whether to pursue the imposition of the death penalty. That there is a line drawn through the recommendation to seek the death penalty against Mr. Zelaya because of his alienage does not mitigate the import of the admission it contains: national origin was an explicit decisional factor in the exercise of prosecutorial discretion. Since it is presently unknown who made the mark, when that person made it, what that person intended, how many phases of prosecution review the Capital Murder Summary passed without the mark, and whether Mr. Zelaya's national origin nevertheless continued to be a factor when the district attorney ultimately authorized seeking the death penalty, the mark should not excuse the shocking reliance on unconstitutional factors to guide prosecutorial discretion.

This memorandum was an explicit acknowledgment of impermissible, discriminatory prosecution; Kelly Siegler, a supervisor in the District Attorney's office, stated that Mr. Zelaya's national origin was a motivating factor behind the decision to seek the death penalty. Where the contours of a prosecution are explicitly and unabashedly motivated by a defendant's national origin, the Fourteenth Amendment is violated. *See, e.g.*, *United States v. Al Jibori*, 90 F.3d 22 (2d Cir. 1996). Moreover, where, as here, a constitutionally impermissible and irrelevant factor such as "national origin" is cited as an aggravating factor militating in favor of an enhanced penalty, the Eighth Amendment's bar against cruel and unusual punishments is violated. *See, e.g.*, *Zant v. Stephens*, 462 U.S. 862, 885 (1983).

Because of the significance of the evidence and the constitutional implications that it raises, this Court should exercise one of the three options—grant the First Rule 59 Motion, exercise its authority under FRCP 59(d), or grant this supplemental Rule 59 Motion—and allow Mr. Zelaya leave to amend his petition. Mr. Zelaya's First Rule 59 motion provides ample

7

reason for this Court to set aside its judgment, and the newly available evidence showing potential that the State engaged in invidious discrimination in deciding how to charge Mr. Zelaya and whether to seek the death penalty against him further tips the equities in favor of granting that pending request. As such, this Court should grant relief under Mr. Zelaya's First Rule 59 Motion. Nevertheless, the Court has other options available in the event it is unwilling to grant the First Rule 59 Motion.

### III.  Conclusion and Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Petitioner, Dennis Humberto Zelaya Corea, under the name Carlos Manuel Ayestas, respectfully requests that this Court permit him to alter or amend the judgment under Rule 59; that the Court grant Mr. Zelaya leave to amend his original petition for writ of habeas corpus; that the Court stay and hold this matter in abeyance while he exhausts Texas remedies on the newly-discovered claims; and that the Court grant him any and all other relief to which he may be entitled.

Respectfully submitted,

PAUL E. MANSUR
Senior Staff Attorney
Texas Defender Service
P.O. Box 1300
Denver City, Texas 79323
(806) 215-1025
(806) 592-9136 (facsimile)
pmansur@texasdefender.org
Member of the Bar of this Court

BENJAMIN B. WOLFF
Texas Bar No. 24091608
Staff Attorney
Texas Defender Service
510 South Congress, Suite 304
Austin, Texas 78704
(Tel) 512-320-8300
(Fax) 512-447-2153
bwolff@texasdefender.org
Member of the Bar of this Court

/s/ Paul E. Mansur
Attorneys for Petitioner

## Certificate of Service

I certify that on January 14, 2015, I served by ECF a true and correct copy of this motion upon opposing counsel at the following address:

Greg Abbott
attn:  Jeremy Greenwell
Texas Attorney General
Postconviction Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548.

/s/ Paul E. Mansur