IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-2999 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice-Correctional Institutions Division, | § § § § § § | |
| Respondent. | § | |

### ORDER

Petitioner Carlos Ayestas filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his state court conviction and death sentence for capital murder (Document #1). On January 26, 2011, this court granted the respondent's motion for summary judgment and entered judgment for the respondent (Document #20). On February 28, 2011, this court denied petitioner's motion to alter or amend the judgment (Document #22). On February 22, 2012, the Fifth Circuit denied Ayestas' request for a certificate of appealability. Ayestas v. Thaler, No. 11-70004 (5th Cir., Feb. 22, 2012).

On June 6, 2013, the Supreme Court granted certiorari and remanded the case to the Fifth Circuit for reconsideration in light of the Supreme Court's decisions in Martinez v. Ryan, 132 S. Ct. 1309 (2012) (holding that ineffective assistance of state habeas

counsel could, in certain circumstances, constitute cause to excuse a procedural default of an ineffective assistance of trial counsel claim), and Trevino v. Thaler, 133 S. Ct. 1911 (2013) (holding that Martinez is applicable to the Texas capital postconviction process). The Fifth Circuit subsequently remanded the case to this court.

On November 18, 2014, this court entered a Memorandum Opinion and Order finding that no cause existed under Martinez for Ayestas' procedural default of his ineffective assistance of counsel claims (Document #51). The court therefore denied relief on these claims.

On December 16, 2014, Ayestas filed a Motion to Alter or Amend the Judgment (Document #53). On January 14, 2015, he filed a Supplement to Petitioner's Rule 59 Motion to Alter or Amend the Judgment Urging Court to Grant Leave to Amend Original Petition for Writ of Habeas Corpus (Document #55). These motions remain pending.

On January 9, 2015, Ayestas filed a Motion for Leave to Amend Original Petition for Writ of Habeas Corpus (Document #54). On January 14, 2015, he filed a Motion to Stay this case to allow him to return to state court to exhaust a new claim for relief (Document #56). Respondent opposes these motions (Documents #59 and #60).

Ayestas' motions are based on a document his counsel discovered in December of 2014. The document, attached as an exhibit to Ayestas' motion for leave to amend, is a capital murder

summary from the District Attorney's file. The document appears to summarize the case and contains the recommendations of several high ranking attorneys from the District Attorney's office as to whether to seek the death penalty. Under the heading "Aggravating Circumstances," the document states: "A. THE VICTIM IS A HELPLESS 67 YEAR OLD WOMAN KILLED IN HER HOME. B. THE DEFENDANT IS NOT A CITIZEN." The second of these two statements has a line drawn through it. Ayestas now contends that this document shows that the decision to seek the death penalty was motivated by Ayestas' national origin in violation of his rights under the cruel and unusual punishment clause of the Eighth Amendment and the equal protection and due process clauses of the Fourteenth Amendment.

**A.   Motion for Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should freely grant leave to amend when justice so requires. Ayestas argues that justice requires that he be permitted to raise his new claim based on the newly discovered document.

28 U.S.C. § 2244(b)(2) states that "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed" unless certain exceptions apply. Ayestas argues that his claim falls under the exception of 28 U.S.C. § 2244(b)(2)(B), that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence.

While Ayestas contends that he only discovered the document on December 22, 2014, he does not allege that the document could not have been discovered previously through the exercise of due diligence. Specifically, he does not allege that the prosecutor's file was previously unavailable to him, or that the document was omitted from the file when it was produced. Rather, Ayestas argues only that "the State . . . never made [Ayestas] aware of the memorandum or its contents at any previous time." Motion for Leave to Amend, Document #54, p. 4 n.2. While the State may not actively hide relevant material that may have some exculpatory value, it bears no responsibility to direct the defense toward potentially exculpatory evidence that either is in the possession of the defense or can be discovered through the exercise of reasonable diligence. Rector v. Johnson, 120 F.3d 551, 558-59 (5th Cir. 1997). Ayestas fails to make any showing that this document, which is dated September 19, 1995, could not have been previously discovered through the exercise of reasonable diligence. Therefore, he fails to demonstrate that the claim falls under an exception to the bar on successive petitions. Because it appears that the claim would be futile, justice does not require granting leave to amend.

B. **Motion to Stay**

Ayestas also requests that this court stay proceedings to allow him to raise this unexhausted claim in state court. "[S]tay

-4-

and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005).

The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; [or]
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.071 § 5(a) (Vernon Supp. 2002). The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

As discussed above, Ayestas fails to make any showing that this document could not have been discovered years ago through the exercise of reasonable diligence. As a result, he fails to

demonstrate that the factual or legal basis of the claim was previously unavailable. Therefore, it is clear that, under Texas law, the Texas Court of Criminal Appeals would dismiss any petition raising this claim as an abuse of the writ. Because the claim is futile as a matter of Texas law and, as discussed above, would constitute a successive petition if raised in this court, there is no basis for staying this case.

C. **Conclusion**

For the foregoing reasons, it is **ORDERED** that Petitioner's Motion for Leave to Amend Original Petition for Writ of Habeas Corpus (Document #54) and Petitioner's Motion to Stay and Hold in Abeyance the Proceedings Under *Rhines v. Weber* to Allow Petitioner to Exhaust the New Claims (Document #56) are **DENIED**.

**SIGNED** at Houston, Texas, this 17th day of February, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE