IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-09-2999 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice-Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## Memorandum Opinion and Order

Petitioner Carlos Ayestas filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction and death sentence for capital murder. On January 26, 2011, this Court granted the respondent's motion for summary judgment and entered judgment for the respondent. On February 28, 2011, this Court denied petitioner's motion to alter or amend the judgment. On February 22, 2012, the Fifth Circuit denied Ayestas' request for a certificate of appealability. Ayestas v. Thaler, No. 11-70004 (5th Cir., Feb. 22, 2012).

On June 6, 2013, the Supreme Court granted certiorari and remanded the case to the Fifth Circuit for reconsideration in light of the Supreme Court's decisions in Martinez v. Ryan, 132 S.Ct. 1309 (2012) (holding that ineffective assistance of state habeas counsel could, in certain circumstances, constitute cause to excuse

a procedural default of an ineffective assistance of trial counsel claim), and Trevino v. Thaler, 133 S.Ct. 1911 (2013) (holding that Martinez is applicable to the Texas capital postconviction process). The Fifth Circuit subsequently remanded the case to this Court.

Following supplemental briefing by the parties, the Court, on November 18, 2014, again denied relief. On December 16, 2014, Ayestas filed a motion to alter the judgment. On January 14, 2015, he filed a supplemental motion to alter or amend the judgment.

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." Schiller v. Physicians Resource Grp., Inc., 342 F.3d 563, 567 (5th Cir. 2003)(internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." Id. Ayestas fails to demonstrate grounds for relief.

Ayestas cites no new evidence or change in controlling law. While Ayestas vociferously disagrees with this Court's interpretation of controlling law and application of that law to the facts of this case, such disagreement does not clearly establish manifest error and Ayestas is not entitled to relief. Moreover, because this Court's finding that Ayestas has not demonstrated manifest error is not debatable among jurists of reason, Ayestas is not entitled to a certificate of appealability

from this Order. See Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000).

In his supplemental motion, Ayestas seeks to amend his petition to add an equal protection claim based on newly discovered evidence. The newly discovered evidence is not relevant to the ineffective assistance of counsel claims considered by this Court on remand from the Fifth Circuit.

While Ayestas frames his attempt to raise this new claim as merely amending his petition, the new claim is not within the scope of the remand. The remainder of Ayestas' petition has long since been dismissed, with that dismissal affirmed on appeal. Rather than seeking to amend his existing petition, Ayestas' supplemental motion actually seeks leave to file a successive petition.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."

United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)(citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

This Court is without jurisdiction to consider a successive petition at this late date. See Key, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one.").

Accordingly,

IT IS ORDERED that Petitioner's Motion To Alter Judgment (Docket Entry 53) and Supplemental Motion To Alter Judgment (Docket Entry 55) are **Denied**; and

IT IS FURTHER ORDERED THAT no certificate of appealability shall issue.

SO ORDERED

SIGNED this 1st day of April, 2015, at Houston, Texas.

Sim Lake
United States District Judge

4