Case 4:09-cv-02999 Document 93 Filed on 08/12/21 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 13, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-09-2999 |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on Carlos Manuel Ayestas's Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure ("Rule 60(b) Motion") (Docket Entry No. 82).

**I. Background**

Ayestas was convicted of capital murder for murdering Santiaga Paneque during the course of committing or attempting to commit robbery or burglary. The Texas Court of Criminal Appeals affirmed Ayestas's conviction and sentence, Ayestas v. State, No. 72,928 (Tex. Crim. App. Nov. 4, 1998), and denied his application for habeas corpus relief, Ex parte Ayestas, No. WR-69,674-01 (Tex. Crim. App. Sept. 10, 2008). Ayestas filed a Petition for a Writ of

Habeas Corpus ("Petition") in this court on September 11, 2009 (Docket Entry No. 1). The court denied the Petition, and the Fifth Circuit denied a certificate of appealability.

On June 6, 2013, the Supreme Court granted <u>certiorari</u> and remanded the case to the Fifth Circuit for reconsideration in light of the Supreme Court's decisions in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012) (holding that ineffective assistance of state habeas counsel could, in certain circumstances, constitute cause to excuse a procedural default of an ineffective assistance of trial counsel claim), and <u>Trevino v. Thaler</u>, 133 S. Ct. 1911 (2013) (holding that <u>Martinez</u> is applicable to the Texas capital postconviction process). The Fifth Circuit subsequently remanded the case to this court.

Following supplemental briefing by the parties, the court again denied relief on November 18, 2014. On December 16, 2014, Ayestas filed Petitioner's Motion to Alter or Amend the Judgment ("Rule 59(e) Motion to Amend") (Docket Entry No. 53). On January 14, 2015, he filed a Supplement to Petitioner's Rule 59 Motion to Alter or Amend the Judgment Urging the Court to Grant Leave to Amend Original Petition for Writ of Habeas Corpus ("Supplemental Rule 59(e) Motion") (Docket Entry No. 55).

In his Supplemental Rule 59(e) Motion, Ayestas sought to amend his Petition to add an equal protection claim based on newly discovered evidence. This evidence was a memorandum prepared by

-2-

Kelly Siegler (the "Siegler Memo") (See Supplemental Rule 59(e) Motion, Docket Entry No. 55, pp. 6-8.), then an attorney in the Harris County District Attorney's Office, listing the fact that Ayestas is not a United States citizen as a factor in favor of seeking the death penalty. This statement had a line drawn through it.

The court denied the Supplemental Rule 59(e) Motion on several grounds. The court found that the newly discovered evidence was not within the scope of the remand from the Fifth Circuit. The court further found that Ayestas's Supplemental Rule 59(e) Motion actually sought leave to file a successive petition that the court lacked jurisdiction to consider. Finally, the court found that Ayestas failed to show that the document could not have been discovered earlier through the exercise of reasonable diligence. Accordingly, the court denied the Supplemental Rule 59(e) Motion. See Order, Docket Entry No. 63; Memorandum Opinion and Order, Docket Entry No. 64. On February 5, 2021, Ayestas filed his current Rule 60(b) Motion (Docket Entry No. 82).

## II. The Rule 60(b) Standard

Rule 60(b) allows a losing party to seek relief from a judgment under a limited set of circumstances including fraud, mistake, newly discovered evidence, or for any other reason that

justifies relief. Relief is available under Rule 60(b) in habeas corpus proceedings, but only in conformity with the Antiterrorism and Effective Death Penalty Act, including its limits of successive federal petitions.

### III. Analysis

#### A. Successive Petition

The respondent argues that this Rule 60(b) Motion is a successive petition. A Rule 60(b) motion is a subsequent habeas corpus application whenever the Rule 60(b) motion presents a claim for habeas relief.

The Supreme Court has provided guidance, holding that "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 (2005). The Court explained that there is no new habeas claim "when a [petitioner] merely asserts that a previous ruling which precluded a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 2648, n.4.

Ayestas's current Rule 60(b) Motion attacks the court's prior jurisdictional ruling that precluded an adjudication on the merits. Therefore, it is not a successive petition.

## B.   Intervening Change In Law

An intervening change in the law makes clear that this court's conclusion that Ayestas's Supplemental Rule 59(e) Motion was a successive petition — while consistent with then-controlling precedent — was incorrect. Banister v. Davis, 140 S. Ct. 1698, 1702 (2020). The respondent argues that Ayestas's Supplemental Rule 59(e) Motion was actually a Rule 60(b) motion and therefore not within the scope of Banister. The basis for this argument is that the Supplemental Rule 59(e) Motion was not filed within the 28 days allowed for filing a Rule 59(e) motion.

It is undisputed that Ayestas's original Rule 59(e) Motion to Amend was timely. The Supplemental Rule 59(e) Motion was an attempt to amend the timely motion, and the court treated it as a proposed amendment at the time. See Memorandum Opinion and Order, Docket Entry No. 64, p. 3 ("In his supplemental motion, Ayestas seeks to amend his petition . . ."). While the new claim was rejected as a successive petition, the Supreme Court in Banister has since made clear that the successive petition bar is inapplicable to Rule 59(e) motions. The court is therefore not

persuaded by the respondent's argument that the Supplemental Rule 59(e) Motion was actually a Rule 60(b) motion outside the scope of Banister.

## C. The Mandate Rule

Ayestas's Supplemental Rule 59(e) Motion was denied because, among other reasons, his claim regarding the Siegler Memo was outside the mandate from the Fifth Circuit. The respondent argues that the Rule 60(b) Motion must be denied for the same reason.

The Fifth Circuit has more recently held that claims based on newly discovered evidence are an exception to the mandate rule. See Webb v. Davis, 940 F.3d 892, 897 (5th Cir. 2019). The mandate rule is therefore not a bar to Ayestas's current Rule 60(b) Motion.

## D. Timeliness

The respondent also argues that Ayestas failed to bring his Rule 60(b) Motion within a reasonable time. This argument is unconvincing.

As discussed above, Ayestas originally sought to raise this claim as an amendment to his timely Rule 59(e) Motion to Amend. His Supplemental Rule 59(e) Motion for leave to amend the Rule 59(e) Motion to Amend was denied.

After Banister held that the successive petition bar was incorrectly applied to his Rule 59(e) motion, Ayestas initiated

state court proceedings to exhaust his claim. After those proceedings concluded, he filed his current Rule 60(b) Motion.

The respondent argues that Ayestas should have returned immediately to this court after the decision in Banister. While that would have been one option, it is likely that the respondent would then have argued that the claim related to the Siegler Memo is unexhausted. The respondent's argument that Ayestas should have filed in this court and then sought a stay to allow him to exhaust merely outlines another possible approach; it does not demonstrate that Ayestas was dilatory.

Ayestas has demonstrated his diligence in pursuing this claim. His Rule 60(b) Motion was filed within a reasonable time under both the factual and procedural circumstances giving rise to the motion.

### IV.  Conclusion and Order

Relief under Rule 60(b)(6) is appropriate when the motion presents "extraordinary circumstances." Gonzalez, 125 S. Ct. at 2649.

> In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process.

Buck v. Davis, 137 S. Ct. 759, 778 (2017) (internal quotation marks and citation omitted).

The Siegler Memo raises questions about whether Ayestas's national origin was a factor in the District Attorney's decision to seek the death penalty. If the decision to seek the death penalty was made on the basis of Ayestas's national origin, then there is a substantial risk of injustice in declining to address the merits of the claim, as well as a substantial risk of undermining public confidence in the judicial process. See Buck, 137 S.Ct. at 778 (the possibility that Buck was sentenced to death because of his race "is a disturbing departure from a basic premise of our criminal justice system: Our law punishes people for what they do, not who they are.").

It is not clear from the record before the court whether Ayestas's national origin was a factor in the charging process. Additional factual development will be necessary to determine whether a constitutional violation occurred that warrants granting relief to the petitioner under Rule 60(b). To the extent that Ayestas's motion seeks relief from the denial of his motion to amend his Rule 59(e) motion, the Motion for Relief from Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 82) is **GRANTED**.

The parties are **ORDERED** to submit a joint scheduling order by August 27, 2021. If the parties are unable to agree on a

scheduling order, each party will submit a proposed scheduling order with a brief explanation why the party's proposed order is superior to the opposing party's proposal.

**SIGNED** at Houston, Texas, on this 12th day of August, 2021.

------------------------------
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE