IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS MANUEL AYESTAS, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:09-CV-2999 |
| § | |
| BOBBY LUMPKIN, Director, § | (Death Penalty Case) |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
| Respondent. § | |

## RESPONDENT LUMPKIN'S PROPOSED SCHEDULING ORDER

Petitioner Carlos Manuel Ayestas is a Texas inmate sentenced to death. Earlier this year, Ayestas moved for relief under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 82. This Court granted Ayestas's motion "[t]o the extent that [it] seeks relief from the denial of his motion to amend his Rule 59(e) motion." ECF No. 93, at 8. The Court also ordered the parties to jointly submit a proposed schedule or, if an agreement could not be reached, to independently submit proposed schedules "with a brief explanation on why the party's proposed scheduling order is superior to the opposing party's proposal." *Id.* at 8–9. Despite good faith conferral, the parties reached an impasse, so the Director's proposed schedule, and a brief explanation about its superiority to Ayestas's, is below.

The Director proposes the following schedule to govern the litigation in the near future:

- The Director shall file a response to Ayestas's "supplemental" Rule 59(e) motion (ECF No. 55) within 65 days[1] of the new scheduling order; and

- Ayestas shall file a reply to the Director's response within 60 days of that filing.

The Director believes that this schedule is superior to the schedule Ayestas proposed to the Director[2] for several reasons. First, this schedule

---

[1] The Director respectfully requests the 65-day filing period because of undersigned counsel's current professional and personal commitments. Professionally, the undersigned is the lead attorney in a capital state habeas case set for a weeklong evidentiary hearing in mid-September. Personally, beginning in late September, the undersigned will out of the country for nearly four weeks, a trip that was booked over eight months ago.

[2] Ayestas's original proposal to the Director was the following:

| Date | Event |
| --- | --- |
| First Amended Pleading | September 28, 2021 |
| Initial Discovery Requests | October 12, 2021 |
| Substantial Completion of Documents | March 7, 2022 |
| Fact Discovery Deadline | April 7, 2022 |
| Plaintiff Opening Expert Report Due | April 21, 2022 |
| Defense Expert Report Due | May 21, 2022 |
| Plaintiff Rebuttal Expert Report Due | June 7, 2022 |
| Expert Discovery Deadline | June 21, 2022 |
| Second Amended Pleading | June 28, 2022 |
| Submit exhibit lists, Stipulations, Witness lists, Depo designations to the court; File motions | July 19, 2022 |
| Counter-designations and Responses to motions | August 2, 2022 |
| Counter-counter designations and replies to motions | August 16, 2022 |
| Pre-hearing conference | August 30, 2022 |
| Hearing | September 30, 2022 |

The Director understands that Ayestas may now be proposing a schedule to amend his initial federal habeas petition and requesting that the parties meet and confer on a schedule for remaining deadlines, but the Director includes the above to provide context for the Director's explanation of his schedule's superiority.

recognizes the limited relief that the Court granted—only "[t]o the extent that Ayestas's [Rule 60(b)] motion seeks relief from the denial of his motion to amend his Rule 59(e) motion." ECF No. 93, at 8. The Director interprets this grant of relief as returning Ayestas to the position of litigating his—now amended—Rule 59(e) motion. The Director does not understand this Court's grant of Ayestas's Rule 60(b) motion as simultaneously granting Rule 59(e) relief. Indeed, this Court's order did not purport to apply Rule 59(e). This makes sense because the Court granted Ayestas's Rule 60(b) motion under a belief that *Banister v. Davis*, 140 S. Ct. 1698 (2020), has "made clear that the successive petition bar is inapplicable to Rule 59(e) motions." *Id.* at 5. In other words, the Court must now consider Ayestas's amended Rule 59(e) motion but without the possibility that it will be considered successive.[3]

Second, this briefing will allow the Court to consider the factual developments since it last analyzed Ayestas's Rule 59(e) motion. Namely, in the time since the Court last denied Ayestas's "supplemental" Rule 59(e) motion, Ayestas presented the claims raised in the now-amended motion to the

---

[3] While the Court may believe *Banister* makes AEDPA's successiveness bar categorically inapplicable to Rule 59(e) motions, the Director does not agree it is so broad. In proposing this schedule, the Director does not explicitly or implicitly agree that the Court has properly granted Rule 60(b) relief, no matter how limited, and reserves all arguments and defenses concerning Ayestas's Rule 59(e) motion, including, but not limited to, whether such a motion can be amended and whether it can be considered successive.

Texas Court of Criminal Appeals, which barred the claims as subsequent. *Ex parte Ayestas*, No. WR-69,674-02, 2020 WL 7234770, at *1 (Tex. Crim. App. Dec. 9, 2020). The parties must have an opportunity to address this changed procedural posture before the Court can rule on Ayestas's now-amended Rule 59(e) motion and certainly before any evidentiary development can be considered.

Third, the schedule Ayestas proposed to the Director puts the cart well before the horse. For example, his second proposed deadline is for initial discovery requests, but discovery is not a matter of right in federal habeas; rather, it is only permitted upon a showing of good cause. Rule 6(a), 28 U.S.C. foll. § 2254. And that showing can't be met if Ayestas's claim is barred by an adequate and independent state law ground. Thus, the Court should first resolve whether Rule 59(e) relief is appropriate before ever considering the extensive schedule proposed by Ayestas, most of which would be totally irrelevant if he cannot hurdle the substantial obstacles that Rule 59(e) and procedural default puts in his way.

## CONCLUSION

For these reasons, the Director respectfully requests that this Court adopt the Director's proposed schedule.

Respectfully submitted,

                                      KEN PAXTON
                                      Attorney General of Texas

                                      BRENT WEBSTER
                                      First Assistant Attorney General

                                      JOSH RENO
                                      Deputy Attorney General
                                      for Criminal Justice

                                      EDWARD L. MARSHALL
                                      Chief, Criminal Appeals Division

                                      <u>s/ Gwendolyn S. Vindell</u>
                                      GWENDOLYN S. VINDELL*
                                      Assistant Attorney General
*Lead Counsel                        State Bar No. 24088591
                                      Southern ID No. 2202376

                                      P.O. Box 12548, Capitol Station
                                      Austin, Texas 78711-2548
                                      (512) 936-1600
                                      (512) 320-8132 (Fax)
                                      E-mail: gwendolyn.vindell2@oag.texas.gov

                                      ATTORNEYS FOR RESPONDENT

5

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading was served by placing same in the United States Mail, postage prepaid, on the 27th day of August, 2021, addressed to:

Sheri L. Johnson
Cornell University
School of Law
240 Myron Taylor Hall
Ithaca, NY 14853-4901

Lee Benjamin Kovarsky
Phillips Black, Inc.
727 East Dean Keeton Street
Jon 6.222
Austin, TX 78705

           s/ Gwendolyn S. Vindell
           GWENDOLYN S. VINDELL
           Assistant Attorney General