IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS MANUEL AYESTAS, a/k/a Dennis Humberto Zelaya Corea<br><br>Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director, Texas Department of Criminal Justice, Correctional Institutions Division<br><br>Respondent. | §§§§§§§§§§§§§§§<br><br>USDC No. 4:09-cv-2999<br><br>Capital Case |

# MR. AYESTAS'S OPPOSITION TO THE DIRECTOR'S MOTION FOR RECONSIDERATION AND MOTION FOR DEFERRED SCHEDULING ORDER

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ....................................................................................................... 1

PROCEDURAL BACKGROUND .............................................................................. 1

ARGUMENT ............................................................................................................... 4

    I.    THE DIRECTOR CAN PROCEED WITHOUT A "START TO FINISH" EXPLANATION OF THE ANTICIPATED PROCEEDINGS. ............................ 4

    II.    THIS COURT SHOULD NOT RECONSIDER ITS ORDER SIMPLY BECAUSE THE DIRECTOR ANTICIPATES THAT HE WILL INEVITABLY PREVAIL IN LITIGATION THAT ORDINARILY TAKES PLACE AFTER PLEADING. .................................................................................................. 6

        A.    This Court Should Not Reconsider Its Order On The Director's Theory That He Will Inevitably Have To Declare The Claim To Be Defaulted. ... 6

        B.    This Court Should Not Reconsider Its Order On The Director's Theory That He Will Inevitably Defeat All Discovery Requests. ........................... 7

        C.    This Court Should Not Reconsider Its Order On The Director's Theory That The Fifth Circuit's Language About Trial Counsel Controls Any Result Here. ................................................................................................ 8

        D.    This Court Should Not Reconsider Its Orders Simply Because The Director Retreads Arguments That Did Not Previously Persuade The Court. .............................................................................................................. 9

CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Alberti v. Klevenhagen*,
  46 F.3d 1347 (5th Cir.1995) ............................................................................................ 8

*Ayestas v. Stephens*,
  826 F.3d 214 (5th Cir. 2016) ............................................................................................ 8

*Banister v. Davis*,
  140 S. Ct. 1698 (2020) ..................................................................................................... 2

*Bracy v. Gramley*,
  520 U.S. 899 (1997) ..................................................................................................... 7, 8

*In re Benjamin Moore & Co.*,
  318 F.3d 626 (5th Cir. 2002) .......................................................................................... 11

*Magouirk v. Phillips,*
  144 F.3d 348 (5th Cir. 1998) ............................................................................................ 5

*Webb v. Davis*,
  940 F.3d 892 (5th Cir. 2019) ............................................................................................ 8

# INTRODUCTION

This Court has already ordered (1) the parties to confer regarding a schedule for remaining deadlines; (2) Mr. Ayestas to amend his petition to include the issues raised by the discovery of the Siegler Memorandum; and (3) that discovery on the issues raised by the Siegler Memorandum is appropriate. Dkt. 96. Accordingly, Mr. Ayestas filed his First Amended Petition on September 28, 2021. Dkt. 101. The Director has taken the position that he should not participate in the curation of a schedule to govern these proceedings without clarification from the Court about the posture of the case. In his motion for reconsideration, the Director re-argues his underlying objections to the proceeding and, without meaningful explanation, asserts that issuing a scheduling order would risk prejudice to his case. Dkt. 98. Mr. Ayestas respectfully disagrees with the Director's position.

The Court should reiterate what it has already ordered—that it has granted the post-judgment relief necessary for Mr. Ayestas to amend his petition. It should also deny all of the Director's objections to the underlying proceeding, which seek resolution of fact-intensive issues without fact development.

# PROCEDURAL BACKGROUND[1]

On December 16, 2014, Mr. Ayestas filed his Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). Dkt. 53. While Mr. Ayestas's initial Rule 59(e)

---

[1] Mr. Ayestas assumes the Court's familiarity with this case and only briefly recites relevant facts here. The person responsible for the charging recommendation expressly cited Mr. Ayestas's noncitizenship as one of two reasons for seeking the death penalty. The charging recommendation was treated as privileged work product, it was never disclosed to trial counsel, and the Harris County District Attorney's Office had a longstanding policy of removing work product from files viewable by post-conviction lawyers. As a result, when federal habeas counsel discovered the Siegler Memo, it was disclosure by way of mistake—the Office simply forgot to pull it from the viewable file. The Siegler Memorandum was discovered while a timely Rule 59(e) motion remained pending.

motion was pending, he first learned of the Siegler Memorandum and sought to amend his motion accordingly. Dkt. 54. However, this Court denied both the request for amendment and the auxiliary post-judgment motions on the grounds that Mr. Ayestas was seeking to file an impermissibly successive federal habeas petition. Dkts. 63 & 64. Mr. Ayestas eventually petitioned the U.S. Supreme Court for relief. While his case was pending on certiorari before the Supreme Court, the Director admitted that, contrary to the impression he had left with this Court, the Siegler Memorandum would not have been available to trial counsel because the Harris County District Attorney ("HCDA") treated it as work product. And after *that*, the Supreme Court decided *Banister v. Davis*, 140 S. Ct. 1698 (2020), which held that this Court's prior determination—that Rule 59(e) motions could be analyzed as successive petitions—was incorrect. *Id.* at 1702.

After exhausting the Siegler Memorandum claims in state court, Mr. Ayestas filed the instant Rule 60(b)(6) Motion. Dkt. 82. A Rule 60(b) motion, as denominated by the Federal Rules of Civil Procedure, seeks "Relief from a Judgment or Order." Dkt. 82. Mr. Ayestas captioned the motion: "For Relief From *Judgment* Pursuant To Rule 60(b)(6) Of The Federal Rules Of Civil Procedure," Dkt. 82 at 1 (emphasis added), and, in the prayer for relief, he asked that the court grant his motion for relief *on the judgment*. *Id*. at 22. The Director captioned his response as an "Opposition To Petitioner's Motion For Relief *From Judgment*." Dkt. 88 at 1 (emphasis added). In his Opposition, the Director characterized Mr. Ayestas's motion as seeking "to reopen the Court's previous judgment," argued that Mr. Ayestas had "not demonstrated extraordinary circumstances *warranting relief from judgment*," and then attacked the motion as a forbidden attempt "to add new claims to his long-denied habeas petition." *Id.* at 1, 8, 33 (emphasis added).

This Court thereafter issued its August 12, 2021 Order granting Rule 60(b)(6) relief. Dkt. 93. In reciting the Rule 60(b) standard, this Court explained that "Rule 60(b) allows a losing party

to seek relief *from a judgment*[.]" *Id.* at 3. Citing a case in which *the judgment* was reopened under Rule 60(b)(6), this Court expressed concern that "there is a substantial risk of injustice in declining to address the merits of the claim[.]" *Id.* at 8. It noted that "[a]dditional factual development will be necessary to determine whether a constitutional violation occurred that warrants granting relief under Rule 60(b)," and granted Rule 60(b) relief "[t]o the extent that Ayestas's Motion seeks relief from the denial of his motion to amend his Rule 59(e) motion." *Id.* at 8-9. Crucially, the Court emphasized that it conceptualized Mr. Ayestas's request to "amend the timely [Rule 59(e)] motion" as an attempt to "amend his petition." *See id.* at 5. The Court ultimately instructed the parties to meet and confer on a proposed scheduling order. Dkt. 93.

Taking the position that the August 12, 2021 Order did not permit amendment and fact development, the Director refused to confer on a schedule for such process. The parties instead submitted competing statements to the Court. Mr. Ayestas took the position that the Order permitted amendment and fact development, and the Director argued that amendment and discovery was not permitted because the August 12, 2021 Order merely returned this case to its Rule 59(e) posture.

In its August 30, 2021 Order, the Court further clarified that it contemplated amendment of the petition and discovery. Dkt. 96. Specifically, the Court stated:

> Petitioner will file his first amended petition by September 28, 2021. The parties will confer regarding a schedule for remaining deadlines, including discovery limited to the issues raised by the Siegler Memo, and will submit a joint proposed scheduling order by September 14, 2021. If the parties are unable to agree on a proposed schedule, each party will submit its own proposed schedule with a brief explanation of why it is superior to the opposing party's proposal.

*Id*. When Mr. Ayestas again sought to confer with the Director in response to the August 30 Order, the Director advised that he would continue to resist the curation of a schedule until this

3

Court clarified "the posture" of the case. The Director then filed the motion for reconsideration at issue here ("Motion"). Dkt. 98.

## ARGUMENT

### I. THE DIRECTOR CAN PROCEED WITHOUT A "START TO FINISH" EXPLANATION OF THE ANTICIPATED PROCEEDINGS.

The Director suggests that he may resist this Court's order to confer on an amendment deadline because the scheduling directive provides "no description of the procedural posture governing the anticipated proceedings—from start to finish—and no explanation of the controlling legal standards at issue." *Id.* at 8. Failing to provide a "start to finish" outline of the anticipated proceedings, in the Director's telling, "creates an unacceptable risk that [he] will misidentify a relevant legal objection, which . . . jeopardizes the availability of such objections on appeal." *Id.* at 8-9.

The Director's "example," where he argues that if this Court does not clarify the procedural posture of the case, then he might fail to make arguments that count as procedural defenses under 28 U.S.C. § 2254 Rule 5, illustrates why his position is unavailing. *Id*. at 9. As an initial matter, this Court would not have ordered Mr. Ayestas to file an amended complaint if it had not reopened the judgment. Second, if the judgment has not been reopened, there can be no Rule 5 moment at which Rule 5 defenses are waived. Third, to the extent that the Director consistently asserts anticipated Rule 5 defenses as reasons not to reopen the judgment—which he does repeatedly—they are not waived. Even if the ambiguity were real, the threat it would pose to the Director's interests is not.

The Director therefore sustains no prejudice without additional clarification. He has objected to the Rule 60(b) order, has objected to the grounds for Rule 59 relief, and may amend his Answer as is necessary to plead familiar procedural defenses. The Director complains that this

4

Court's "present course creates numerous substantive and procedural ambiguities, which . . . are likely to negate the propriety of these very proceedings," but the Director never meaningfully explains how the propriety of the proceedings are "negated"—or even, for that matter, how the ambiguities deprive him of any arguments. *Id.* at 2. To be sure, the Director wants to assert his arguments and have the Court decide them without a hearing, but the pleading-and-discovery process this Court ordered forces no waiver by the Director.[2]

Still, Mr. Ayestas does not object to a clarification that reaffirms what the order to amend and schedule discovery already clearly show: this Court has already granted all post-judgment relief necessary for Mr. Ayestas to amend his petition. This Court has already expressly stated that it treated the request to amend the Rule 59(e) motion as a request to amend the underlying petition. Dkt. 93 at 8-9. This Court granted a Rule 60(b)(6) motion to reopen a judgment, which makes little sense if it were merely returning the case to the Rule 59 posture. *See id.* It ordered amendment and fact development that take place under open judgments. *See id.* And it flatly rejected the Director's first attempt to invoke the putative ambiguity as a reason to defer scheduling. Dkt. 96.

---

[2] The Director recites what purports to be an explanation of prejudice on page 9 of the Motion. It is clear that the Director does not want to have to lodge defenses, but the prejudice that would flow from lodging them is non-existent. A right to amend the petition obviously includes a right for the Director to answer the amendments. The Director also complains that he is "uncertain whether to affirmatively seek and obtain the Court's guidance concerning the need to raise the potential Rule 5 defenses." Dkt. 98 at 9. But there seems to be no uncertainty. There is no indication that the Court plans to deny the Director the opportunity to amend in defense—and if such indications arise, then the Director can lodge appropriate objections at that time. On top of everything else, there can be no prejudice from failing to permit the assertion of procedural default in some very specific procedural posture, because the defense is non-waivable and a court is free to consider it at any time. *See Magouirk v. Phillips,* 144 F.3d 348, 358 (5th Cir. 1998).

## II. THIS COURT SHOULD NOT RECONSIDER ITS ORDER SIMPLY BECAUSE THE DIRECTOR ANTICIPATES THAT HE WILL INEVITABLY PREVAIL IN LITIGATION THAT ORDINARILY TAKES PLACE AFTER PLEADING.

The Director asserts that the Court should reconsider its prior orders because he expects to prevail on procedural defenses and successfully contest discovery. Whatever the strength of the Director's arguments on things like procedural default, timeliness, and discovery, this Court has properly sequenced its consideration of those issues after an amended pleading. After amendment, the Director will have an opportunity to plead and prove his procedural defenses, and to argue that discovery is unwarranted. It is incorrect and unnecessary for the Court to rescind its order so that the Director can make these arguments prematurely, without the fact development necessary to resolve them accurately.

### A. This Court Should Not Reconsider Its Order On The Director's Theory That He Will Inevitably Have To Find The Claim Procedurally Defaulted.

Immediately after asserting that a post-judgment posture would preclude him from asserting defenses, the Director asserts one of those very defenses—arguing that procedural default bars amendment and discovery. Dkt. 98 at 12. This argument is entirely specious. It is true that an unexcused procedural default would foreclose relief, but this Court would first have to decide that there was (1) a default and (2) that such a default could not be excused. Both the elements of default and excuse are potentially disputed, however, and the means by which courts decide such disputes is through pleading and fact development.

Mr. Ayestas should not be forced to respond to a yet-to-be-asserted defense in response to a motion to reconsider a briefing order. Accordingly, Mr. Ayestas refers this Court to his First Amended Petition, which indicates several grounds upon which he disputes the idea that default would preclude relief. Dkt. 101 at 26-27. Mr. Ayestas will supplement his argument in due course, if the Director pleads procedural default.

### B. This Court Should Not Reconsider Its Order On The Director's Theory That He Will Inevitably Defeat All Discovery Requests.

The Director next argues that this Court should reconsider its order permitting amendment because, when the time comes, the Court will not want to order discovery. Once again, Mr. Ayestas should not have to make his case for discovery now, simply because the Director refuses to confer about scheduling. However, the problem with the Director's premature discovery arguments are evident from the very quotation that appears in his briefing. In his Motion for Reconsideration, the Director includes that "[a] petitioner [demonstrates] good cause for discovery …. *where specific allegations before the court* show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief.'" *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (emphasis added, citations and quotation marks omitted). Indeed, discovery questions are not ripe until there are "allegations before the court," and Mr. Ayestas only amended his petition one week ago—*after* the Director had filed his motion.

*Bracy*, moreover, illustrates that the standard for discovery under Section 2254 Rule 6(a) of the Rules Governing Rule Section 2254 Cases in the United States District Courts is low. *Bracy* held that a district court abused its discretion when it denied the prisoner's discovery requests because the prisoner had "made a sufficient factual showing to establish 'good cause,' as required by [Section 2254] Rule 6(a)." *Bracy*, 520 U.S. at 901. *Bracy* found the prisoner's factual showing to be sufficient even though his "sort of compensatory bias" claim was "quite speculative," "only a theory at this point," and premised on facts that "might be equally likely" to support an inference contrary to the one the petitioner advanced. *Id.* at 905, 908. Accordingly, Mr. Ayestas need not show that he may be entitled to relief, only that there is "reason to believe" that he "may" be able establish an entitlement for relief "if the facts are fully developed." *Id.* at 908-09.

This Court has already directed the parties to prepare for discovery, and Mr. Ayestas will satisfy *Bracy* when he seeks discovery. The Director's insistence that this Court cannot find good cause for discovery without first resolving the very procedural questions to which discovery would be directed is self-evidently circular. Discovery will be directed both to the underlying claim of constitutional error, as well as to the factual predicates of the State's procedural defenses.

### C. This Court Should Not Reconsider Its Order On The Director's Theory That The Fifth Circuit's Language About Trial Counsel Controls Any Result Here.

The Director also argues that the Court should reverse its prior order because of the Fifth Circuit's finding that this Court did not *abuse its discretion* in refusing to stay this litigation to permit exhaustion of the Siegler Memorandum claims. Dkt. 98 at 16. The Fifth Circuit's abuse-of-discretion language expressed a view that this Court could permissibly find that *trial counsel* might have obtained the memo. *Ayestas v. Stephens*, 826 F.3d 214, 215 (5th Cir. 2016). The Director now argues that this language precludes relief here. It does not.

The Director discusses this issue in terms of the mandate rule, although he seems to be making a related law-of-the-case argument. Either way, the three exceptions to those two rules are substantially similar—and Mr. Ayestas meets all three of them. Specifically, the mandate rule is "a discretionary device and not immutable," and the "several exceptions to the rule" include "new evidence," an "intervening change in law," and "where the earlier decision was clearly erroneous and would work a manifest injustice." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019); *see also Alberti v. Klevenhagen*, 46 F.3d 1347, 1351 n.1 (5th Cir. 1995) (same factors for revisiting the law-of-the-case). All three were asserted in the Rule 60(b) Motion, although the Director presents the issue as though the new-evidence rule is the only exception.

On the more granular question regarding the Fifth Circuit's language about trial counsel's diligence, two of the mandate-rule exceptions apply. First, this Court expressly found that the

Siegler Memorandum satisfied the new-evidence exception. Dkt. 93 at 6. As explained in the Rule 60(b) Motion and Reply in support thereof, the Director blatantly misrepresented the availability of the Siegler Memorandum in prior litigation before this Court. *See* Dkt. 82 at 11-13; Dkt. 91 at 13-16. Second, with respect to the manifest-injustice exception, this Court granted Rule 60(b) relief after observing that it would only be forthcoming under "extraordinary circumstances," and that the alleged constitutional violation creates "a substantial risk of injustice in declining to address the merits of the claim, as well as a substantial risk of undermining public confidence in the judicial process." Dkt. 93 at 7-8.

Thus, there is no mandate-rule issue, and there is no other tenable argument that the revised language from the Fifth Circuit opinion is controlling. Indeed, the Fifth Circuit's language affirmed this Court's discretion and was not a factual finding; it was offered in the absence of any fact development on the issue, it was written *before* the Director admitted that the Siegler Memo would not in fact have been available to trial counsel, and it was part of a judgment that was vacated by the Supreme Court[3]—the Fifth Circuit did not reaffirm the proposition when the case was remanded.

### D. This Court Should Not Reconsider Its Orders Simply Because The Director Retreads Arguments That Did Not Previously Persuade The Court.

The Director's motion concludes with a catch-all section asserting arguments that this Court has already rejected. The Director offers little new reasoning, and no meaningful explanation for how this Court erred in reaching the result it did. Mr. Ayestas therefore addresses each argument only briefly.

---

[3] The judgment was vacated on other grounds, but vacated nonetheless.

First, the Director says that this Court failed to address his argument that the Rule 59 filings "were improper attempts to raise successive claims without authorization from the Fifth Circuit, irrespective of *Banister*," and that the supplement to the Rule 59 motion as untimely. Dkt. 98 at 18. Of course, this Court *did* address those arguments. With respect to the successive-claim argument, this Court recognized the controlling rule of *Banister*: that claims raised in a Rule 59 posture are not successive petitions. Dkt. 93 at 5-6. What the Director means by "irrespective of *Banister*" is therefore unclear, because *Banister* is a *per se* rule against successive-claim treatment of claims raised Rule 59 postures, and this Court held that the claims were raised under Rule 59. If the Director means that the Court failed to address his argument that the Rule 59 supplement should be treated as a Rule 60(b) motion, then the Court addressed that argument too, as the next paragraph explains.

This Court also addressed the timeliness argument, which doubles as the Director's argument that the Rule 59 Supplement was actually a Rule 60(b) motion. The Court expressly rejected the Director's theory that the Rule 59 supplement was untimely because, although filed during the pendency of an existing Rule 59(e) motion, it was filed more than 28 days after judgment. This Court's August 12 Order explained: "The Supplemental Rule 59(e) Motion was an attempt to amend the timely motion, and the court treated it as a proposed amendment at the time." *Id.* at 5.

The Director also accuses this Court, in granting Rule 60(b) relief, of not having resolved a procedural default argument. There is no citation to a procedural default argument made in the Director's Rule 60(b) papers from 2021 and the only threadbare reference to such an idea from those papers appears to reside within a single sentence: "Further, the claims are also barred by both the statute of limitations . . . *and the CCA's dismissal of his subsequent application*." Dkt. 88 at

10

30 (emphasis added). The Court did not act improperly in failing to treat this sentence fragment as a request to have it resolve a procedural default argument before granting post-judgment relief. And even if the Court had treated it that way, deciding procedural default in the Rule 59 posture would have been inappropriate for all the reasons recited above.

Finally, the Director invokes the long-running dispute over the availability of the Siegler Memorandum, arguing that a new-evidence motion under Rule 59(e) requires the Memorandum to have been unavailable to trial counsel. Dkt. 88 at 21-23. And once again, the Director asks the Court to simply assume the conclusion—a conclusion that the Director has now contravened by admitting that it withheld the Memorandum as work product. But the appropriate approach is the one the Court took: to allow the discovery necessary to determine whether the Memorandum was available or not. That dispute is *more* than enough to sustain Rule 59 relief. Moreover, the Director discusses Rule 59 as though a new-evidence rule is the only way to reopen a judgment in that posture. The new-evidence mechanism, however, is but one among several—including the need to avert "manifest injustice." *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). And this Court has already held that factfinding is necessary to avert just such an injustice here.

## CONCLUSION

For the reasons set forth herein, this Court should deny the Director's motion and reiterate that it has granted the post-judgment relief necessary to allow Mr. Ayestas to amend his petition and to add claims pertaining to the Siegler Memorandum.

| Dated:  October 4, 2021 | Respectfully submitted, |
|---|---|
| Sheri Lynn Johnson<br>* *motion to appear pro hac vice forthcoming*<br>Cornell Law School<br>240 Myron Taylor Hall<br>Ithaca, NY 14853<br>(607) 255-6478<br>slj8@cornell.edu | Lee B. Kovarsky<br>Phillips Black, Inc.<br>727 East Dean Keeton Street<br>Jon 6.222<br>Austin, TX 78705<br>(434) 466-8257<br>l.kovarsky@phillipsblack.org<br><br>Attorneys for Mr. Ayestas |

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of October 2021, I electronically filed the above and foregoing documents using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                                                  */s/ Lee Kovarsky*