IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-2999 |
| | § | |
| BOBBY LUMPKIN, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

**RESPONDENT'S UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT RESPONDENT'S ANSWER TO AYESTAS'S AMENDED PETITION**

Petitioner Carlos Manuel Ayestas was properly convicted of and sentenced to death for the brutal murder of sixty-seven-year-old Santiaga Paneque in the course of committing a burglary or robbery. Seven years after this Court entered final judgment for the second time, this Court permitted Ayestas to file an amended petition raising two new claims. First Am. Pet. for Writ of Habeas Corpus ("Am. Pet."), ECF No. 101. These claims were predicated on a capital murder summary, the so-called "Siegler memo," that Ayestas purportedly discovered in the files of the Harris County District Attorney's Office in December 2014. The Director filed his answer to Ayestas's amended petition in March 2022. Resp't's Answer & Mot. Summary J. ("Answer"), ECF No. 115. Ayestas has not yet filed a reply to the Director's answer.

On May 23, 2022, the Supreme Court issued its decision in *Shinn v. Martinez Ramirez*, -- S. Ct. --, 2022 WL 1611786 (May 23, 2022). In *Martinez Ramirez*, the Supreme Court held "that, under [28 U.S.C.] § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Id*. at *9. That is because "under § 2254(e)(2), a prisoner is 'at fault' even when state postconviction counsel is negligent." *Id*. at *10. Thus, "a federal court may order an evidentiary hearing or otherwise expand the state-court record *only if* the prisoner can satisfy § 2254(e)(2)'s stringent requirements." *Id*. (emphasis added).

At first glance, *Martinez Ramirez* does not appear to directly apply to Ayestas's case: he has raised no ineffective-assistance-of-trial-counsel claim predicated on the Siegler memo, and he has not alleged that state habeas counsel's ineffectiveness constitutes cause for the procedural default of his Siegler-memo claims. Rather, Ayestas argues that he can show cause to excuse the default of his claims because he could not have discovered the Siegler memo sooner. *See* Am. Pet. 19–21.

But, as the Director has thoroughly briefed in arguing that Ayestas was not entitled to post judgment relief, has filed a successive petition, is untimely, and is procedurally defaulted, Ayestas was not diligent in discovering the

2

Siegler memo. *See*, *e.g.*, Answer 10–41 Indeed, the Fifth Circuit has explicitly found such—a finding this Court is bound by—and the Texas Court of Criminal Appeals has implicitly found such—a finding to which this Court must defer. *See* Answer 19–22. And because Ayestas was not diligent, the opening clause of § 2254(e)(2) is triggered, just as it is when state habeas counsel fails to develop a claim earlier. *See Martinez Ramirez*, 2022 WL 1611786, at *10 (recognizing that its prior precedent "admonish[es] that '[c]ounsel's failure' to perform as a 'diligent attorney' 'triggers the opening clause of § 2254(e)(2)'") (quoting *Williams v. Taylor*, 529 U.S. 420, 439–40 (2000)).

What this means for Ayestas is that *any* new evidence he seeks to introduce or develop in these proceedings cannot be considered by this Court, and this applies equally to the Siegler memo itself as it does to whatever evidence he will inevitably ask this Court for permission to discover in accordance with the scheduling order. *See* Sched. Order 114 (requiring motions for discovery under Rule 6 of the Rules Governing § 2254 Cases to be filed by July 13, 2022).[1] Indeed, § 2254(e)(2)'s "restrictions apply *a fortiori* when a

---

[1] The Director notes that he joined the step-processed joint scheduling order—permitting the parties to file discovery motions *after* initial responsive pleadings but before the Court has ruled on any of the underlying procedural issues—due to the potential of a more unfavorable outcome. *See* ECF No. 108 (ordering parties to submit a joint scheduling order "for remaining deadlines, including discovery limited to the issues raised by the Siegler memo" or, if the parties could not agree, ordering Ayestas to submit a revised version of the proposed order attached in ECF No. 100). The Director has consistently objected to the propriety of the instant proceedings, but

prisoner seeks relief based on new evidence *without* an evidentiary hearing." *Holland v. Jackson*, 542 U.S. 649, 653 (2004) (emphasis in original). And *Martinez Ramirez* reinforced § 2254(e)(2)'s importance: "[W]hen a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied." *Martinez Ramirez*, 2022 WL 1611786, *11. "In all but the[] extraordinary cases [where § 2254(e)(2)'s exceptions are met], AEDPA 'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners.'" *Id*. at *3 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)). Ayestas has not, and cannot, meet § 2254(e)(2)'s "stringent" exceptions. As such, this Court cannot consider any new evidence Ayestas proffers, including the Siegler memo itself.

While the Director intended to wait to raise these issues in his opposition to any further discovery Ayestas seeks, the issuance of *Martinez Ramirez* counseled in favor of the Director supplementing the Director's answer so that

---

*Martinez Ramirez* casts further doubt on the propriety of this Court ordering the parties to move for discovery—on claims that are procedurally defaulted and thus for which factual development is *prohibited* under § 2254(e)(2)—before resolving any of the antecedent procedural issues in this case, namely, whether Ayestas's claims are successive, untimely, and procedurally defaulted.

Ayestas may have an opportunity to address the argument in his reply.[2] The Director thus requests that this Court grant him leave to file supplemental briefing to the Director's answer.[3]

## CONCLUSION

The Director respectfully requests that the Court grant him leave to file supplemental briefing to the Director's answer.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Assistant Attorney General
Chief, Criminal Appeals Division

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL*
*Lead Attorney   Assistant Attorney General
State Bar No. 24088591
Southern ID No. 2202376

---

[2] The Director understands that Ayestas will seek an additional thirty days to file his reply to the Director's answer in light of the Director's instant motion. As indicated to Ayestas, the Director does not oppose an additional extension of time so that Ayestas may address the issues raised in the Director's supplemental briefing.

[3] The Director's proposed briefing is attached to this pleading as Exhibit A.

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I, Gwendolyn S. Vindell, Assistant Attorney General of Texas, do hereby certify that opposing counsel, Lee Kovarsky, confirmed by email on June 6, 2022, that he is unopposed to this motion.

<u>s/ Gwendolyn S. Vindell</u>
GWENDOLYN S. VINDELL
Assistant Attorney General

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing pleading was served by placing same in the United States Mail, postage prepaid, on this the 7th day of June, 2022, addressed to:

Sheri L. Johnson
Cornell University
School of Law
240 Myron Taylor Hall
Ithaca, NY 14853-4901

Lee Benjamin Kovarsky
Phillips Black, Inc.
727 East Dean Keeton Street
Jon 6.222
Austin, TX 78705

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL
Assistant Attorney General
