IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-2999 |
| | § | |
| BOBBY LUMPKIN, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

**RESPONDENT'S OPPOSED MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT OR, ALTERNATIVELY, UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY TO PETITIONER'S REPLY TO RESPONDENT'S ANSWER**

Petitioner Carlos Manuel Ayestas was permitted to file an amended petition raising two new claims seven years after final judgment. First Am. Pet. for Writ of Habeas Corpus ("Am. Pet."), ECF No. 101. The Director filed his answer and motion for summary judgment to Ayestas's amended petition as well as a supplemental answer. Resp't's Answer & Mot. Summary J. ("Answer"), ECF No. 115; Resp't's Supp. Answer, ECF No. 121. Ayestas has now filed a reply to the Director's answer, in which he presents new material facts related to his supposed diligence. Ayestas's Reply in Support of Am. Pet. & Opp'n Mot. Summ. J. (Reply) 1–2, ECF No. 124; Reply Ex. A–D, ECF Nos. 124-1 through 124-4. Because Ayestas presents new evidence in his reply, the Director moves to strike the exhibits and any new argument predicated on such

exhibits. Alternatively, the Director moves for leave to file a sur-reply in order to address the presentation of new evidence and argument in Ayestas's reply.

## ARGUMENT

**I.    The Court Should Strike Ayestas's New Evidence and Argument.**

In his July 20, 2022 reply, Ayestas argues that he was diligent in seeking to discover the so-called Siegler memo, which he first proffered to this Court after final judgment was entered for the second time in December 2014. *See* Reply 23–42. This is, on its face, not a new argument. Indeed, three courts, including this one, have previously found Ayestas *not* diligent based on the same arguments he raises now—that he could not have discovered the Siegler memo earlier because the Harris County District Attorney's Office (Harris County) withheld it as work product. *See* Order 4 (holding Ayestas failed to show the Siegler memo "could not have been previously discovered through the exercise of reasonable diligence" in that Ayestas specifically did "not allege that the prosecutor's file was previously unavailable to him, or that the document was omitted from the file when it was produced"), ECF No. 63; *Ayestas v. Stephens*, 817 F.3d 888, 901 (5th Cir. 2016) (holding Ayestas "did not exercise due diligence in attempting to discover the [Siegler memo] earlier"); *Ex parte Ayestas*, No. WR-69,674-02, 2020 WL 7234770, at *1 (Tex. Crim. App. Dec. 9, 2020) (unpublished) (implicitly determining Ayestas was not diligent). Ayestas nevertheless continues to assert that he was diligent.

2

Still, there would be no need for the instant motion had Ayestas just stopped there. But he did not. Instead, Ayestas has—for the first time in seven years of litigating the Siegler memo claim—proffered four new exhibits purporting to establish his diligence. *See* Reply Ex. A–D. The exhibits include: 1998 billing records from Ayestas's state habeas counsel Gary Hart, Reply Ex. A; 1998 billing records from Ayestas's state habeas investigator, Reply Ex. B; a 1998 letter from Hart to Harris County, Reply Ex. C; and a declaration from Hart, signed on July 18, 2022, Reply Ex. D. Ayestas argues these exhibits prove "not only that state post-conviction counsel diligently reviewed [the Harris County District Attorney Office's] file" on four occasions in 1998, but also that Harris County "removed work product and other confidential material." Reply 2. He proffers these new exhibits and argument with his *reply* brief, no less.

This Court has held that "[p]arties may generally not raise new legal arguments in reply briefs because it deprives the non-movant of the opportunity to meaningfully respond to the argument." *Austin v. City of Pasadena*, No. H-21-774, 2021 WL 9037112, at *3 (S.D. Tex. Oct. 26, 2021) (unpublished) (holding defendants' motion to dismiss the plaintiffs' cause of action on a particular theory of liability, where argument in favor of dismissal was not mentioned until a reply brief, was "not properly before the Court"); *United States v. Ferguson*, No. 4:20-CV-504, 2022 WL 861507, at *2 (S.D. Tex.

3

Mar. 23, 2022) (unpublished) ("Arguments and evidence need to be advanced in the motion itself; the problem with new arguments in replies is that the other side is not entitled to a response."); *cf. United States v. Hoffman*, 901 F.3d 523, 552 n.16 (5th Cir. 2018) ("The reason we do not allow new arguments in a reply is that the other side does not have a chance to respond."); *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

"When new arguments are raised in a reply, a court may strike them or grant the nonmovant leave to file a surreply." *See Spedag Americas, Inc. v. Bioworld Merch., Inc.*, No. 3:17-CV-0926-BT, 2019 WL 4689011, at *1 (N.D. Tex. Sept. 25, 2019) (unpublished); *see also Truex v. Hearst Commc'n, Inc.*, 96 F. Supp. 2d 652, 665 n.8 (S.D. Tex. 2000) (granting plaintiff's motion to strike additional ground for relief on retaliation claim and granting plaintiff's motion to strike additional evidence submitted with reply); *Simmons v. T-Mobile USA, Inc.*, H-06-1820, 2006 WL 3447684, *1 (S.D. Tex. Nov. 22, 2006) (unpublished) (Atlas, J.) (denying defendants' motion to strike the new affidavits offered by plaintiffs with their reply but granting leave to file sur-reply "to address what it characterizes as [Plaintiff's] new evidence"); *cf. United States v. Ulasi*, No. H-17-1164, 2018 WL 6505397, at *4 (S.D. Tex. Dec. 11, 2018) (unpublished) (Rosenthal, J.) (granting government's motion to strike defendants' sur-reply

4

because government's reply "raised no new arguments or evidence" and a sur-reply was thus unwarranted); *United States v. Washington*, 442 F. App'x 130, 132 (5th Cir. 2011) (unpublished) (granting Government's motion to strike "a portion of [the defendant's] reply brief in which [the defendant] sought to introduce new evidence before this court").

While striking a petitioner's pleadings or exhibits may be an extreme measure, it is appropriate here. Ayestas has been litigating his diligence vis-à-vis the Siegler memo for seven years. Yet for the first time in seven years, he now argues that he did, in fact, look at Harris County's file at some point prior to 2014. Reply 1 (citing Reply Ex. A–D). For the first time in seven years, he argues Harris County made an affirmative representation that it would withhold work product from the publicly viewable State's file (though he still offers no evidence suggesting Harris County specifically withheld the Siegler memo as work product). *Id.* at 1–2 (citing Reply Ex. C–D). For the first time in seven years, he argues that state habeas counsel did not see the Siegler memo in the State's file in 1998. *Id.* at 2 (citing Reply Ex. D). And not only does he make these arguments for the first time in seven years, he did not even raise them or present supporting evidence until he filed a *reply* brief.[1]

---

[1] Ayestas appears to acknowledge the impropriety of his actions by suggesting he can amend his petition to include this evidence and argument. *See* Reply 1 n.1. But the Director has answered Ayestas's petition, and thus, Ayestas can only amend his petition through party consent or with leave of Court. *See* Fed. R. Civ. P. 15(a)(2);

5

Ayestas cannot claim unfair surprise—he cannot pretend he didn't know what the relevant issues were until the Director filed his answer in July 2022. Indeed, six *years* ago, the Fifth Circuit *explicitly* faulted Ayestas for "never suggest[ing that] he sought to examine the prosecution's file prior to the December 22 search that uncovered the memorandum." *Ayestas*, 817 F.3d at 900. He thus has no legitimate excuse for just now attempting to remedy his argument and evidentiary deficiency for the first time in seven years. This is particularly true where the evidence has largely been available since, apparently, 1998 and where he relies on state habeas counsel's twenty-year-old memory.

In short, Ayestas dawdled for nearly a decade, failing to develop the readily available evidence he claims is so relevant. Were it evidence concerning

---

*see also* R. 12 of the Rules Governing Section 2254 Cases for the United States District Courts (Federal Rules of Civil Procedure apply to habeas corpus proceedings under 28 U.S.C. § 2254 to the extent those rules do not conflict with the statutory provisions or rules governing § 2254 cases). But this Court has discretion to deny leave to amend for "a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party[.]" *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive." *Dueling v. Devon Energy Corp.*, 623 F. App'x. 127, 130 (5th Cir. 2015) (quoting *Daves v. Payless Cashways Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981)). At best, Ayestas's withholding of evidence from the courts is plainly unjustifiable delay; at worst, it was done in bad faith. Thus, even if Ayestas were to seek this Court's leave to amend his petition (which he has not), no amendment should be permitted.

a claim, it would be barred from the Court's consideration. *See Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000) (holding evidence that is "easily obtained" is barred from consideration when not presented in state court). Indeed, any "reasonable person in [Ayestas's] place would have," *id.*, developed this evidence but he didn't—not for seven years. Whether his delay was intentional or neglectful, the result is the same: Ayestas sandbagged the courts for seven years. And while the Director certainly disputes the importance or relevance of the new argument and evidence, any protestations from Ayestas that this evidence is crucial or dispositive only highlights his dilatoriness. That is, the more important Ayestas believes this evidence is, the more unreasonable he is for sitting on his hands the last seven years. There is no possible excuse for him not looking at state habeas counsel's files, or reaching out to state habeas counsel, sooner. The Court should strike, or refuse to consider, Ayestas's attempt to inject new evidence and argument in a reply brief seven years too late.

## II. Alternatively, the Court Should Permit the Director a Sur-Reply.

Striking Ayestas's new evidence and argument is warranted here. But if the Court is disinclined to do so, then it should at least permit the Director the opportunity to respond to Ayestas's late-in-time arguments. Indeed, as indicated above, courts may strike new evidence or argument raised in a reply

brief or permit the nonmovant to file a sur-reply. *See* Brian R. Means, FEDERAL HABEAS MANUAL § 8:35 (2019) ("If new material is raised for the first time in the movant's reply, the nonmoving party should be given an opportunity to respond by filing a sur-reply brief, at a minimum."). In this case, the Director has not had a meaningful opportunity to respond to Ayestas's dilatory tactics. The Director thus asks that this Court remedy this matter by striking the new argument or evidence or, alternatively, permitting the Director to file a sur-reply within fourteen days of the Court's order granting leave to file.

## CONCLUSION

The Director respectfully requests that the Court strike Ayestas's new evidence and argument presented for the first time in his reply. Alternatively, the Director requests leave to file a sur-reply within fourteen days of the Court granting such leave.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    BRENT WEBSTER
    First Assistant Attorney General

    JOSH RENO
    Deputy Attorney General
    for Criminal Justice

|  |  |
|---|---|
|  | EDWARD L. MARSHALL<br>Assistant Attorney General<br>Chief, Criminal Appeals Division |
| *Lead Attorney | s/ Gwendolyn S. Vindell<br>GWENDOLYN S. VINDELL*<br>Assistant Attorney General<br>State Bar No. 24088591<br>Southern ID No. 2202376 |
|  | P.O. Box 12548, Capitol Station<br>Austin, Texas 78711<br>(512) 936-1400<br>Facsimile No. (512) 936-1280 |
|  | ATTORNEYS FOR RESPONDENT |

## CERTIFICATE OF CONFERENCE

I, Gwendolyn S. Vindell, Assistant Attorney General of Texas, do hereby certify that opposing counsel, Lee Kovarsky, confirmed by email on August 22, 2022, that he is opposed to the Director's motion to strike new evidence and argument, but is unopposed to the Director's alternative motion for leave to file a sur-reply.

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL
Assistant Attorney General

9

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the foregoing pleading was served by placing same in the United States Mail, postage prepaid, on this the August 23, 2022, addressed to:

Sheri L. Johnson
Cornell University
School of Law
240 Myron Taylor Hall
Ithaca, NY 14853-4901

Lee Benjamin Kovarsky
Phillips Black, Inc.
727 East Dean Keeton Street
Jon 6.222
Austin, TX 78705

                                               <u>s/ Gwendolyn S. Vindell</u>
                                               GWENDOLYN S. VINDELL
                                               Assistant Attorney General