IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-2999 |
| | § | |
| BOBBY LUMPKIN, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

**RESPONDENT'S REPLY TO AYESTAS'S OPPOSITION TO DIRECTOR'S MOTION TO STRIKE NEW EVIDENCE AND ARGUMENT**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

GWENDOLYN S. VINDELL
Assistant Attorney General
State Bar No. 24088591
Southern ID No. 2202376
   *Counsel of Record*

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *gwendolyn.vindell2@oag.texas.gov*

*Counsel for Respondent*

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i
INDEX OF AUTHORITES ........................................................................................ ii
REPLY ........................................................................................................................ 1
ARGUMENT .............................................................................................................. 2
    I.    Ayestas Presented New Evidence *and* New Argument in Support of His Diligence ........................................................................................................ 2
    II.   Ayestas Should Have Presented His New Evidence and Argument Long Ago. .................................................................................................................. 5
    III.  Ayestas Has No Justification for Awaiting the Director's Answer to Present New Evidence and Argument. .................................................................... 10
CONCLUSION ........................................................................................................ 15
CERTIFICATE OF SERVICE ................................................................................. 17

# INDEX OF AUTHORITES

**Cases**                                                                                                      **Page**

*Banister v. Davis*, 140 S. Ct. 1698 (2020) ...................................................... 8, 9

*Blackledge v. Allison*, 431 U.S. 63 (1977) ......................................................... 13

*Browder v. Director, Dep't Corrs. of Ill.*, 434 U.S. 257 (1978)......................... 14

*Coleman v. Thompson*, 501 U.S. 722 (1991)..................................................... 12

*Ford v. Davis*, 910 F.3d 232 (5th Cir. 2018) ....................................................... 8

*Garlotte v. Fordice*, 515 U.S. 39 (1995)............................................................ 12

*Gibson v. Blackburn*, 744 F.2d 403 (5th Cir. 1984) ........................................... 7

*Mayle v. Felix*, 545 U.S. 644 (2005).................................................................. 13

*Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (2022)......................................... 14

*United States v. Fernandez-Cusco*, 447 F.3d 382 (5th Cir. 2006) ..................... 7

**Statutes**

28 U.S.C. § 2254................................................................................ 10, 11, 12, 13

28 U.S.C. § 2254(e)(1) .......................................................................................... 7

Tex. Code Crim. Proc. art. 11.071 § 5(a)(1) ......................................................... 7

**Rules**

Fed. R. Civ. P. 8(a) .............................................................................................. 13

Fed. R. Civ. P. 56 .......................................................................................... 10, 11

Fed. R. Civ. P. 60(b) .......................................................................................... 8, 9

Fed. R. Civ. P. 81(a)(4)(A).................................................................................. 12

# REPLY

The Director has moved to strike new evidence, and any argument predicated on that evidence, that petitioner Carlos Ayestas offered for the first time in seven years of litigating his diligence with his reply brief to the Director's answer. Director Mot. Strike New Evid. & Argument, ECF No. 125 (Mot. Strike).[1] In arguing that striking is an appropriate remedy, the Director highlighted the egregiousness of Ayestas's actions where, as here, "he cannot pretend he didn't know what the relevant issues were [in his case] until the Director filed his answer in July 2022." Mot. Strike 6. Ayestas has pretended so anyway. Indeed, he believes that, even though he *lost* his diligence argument in three different courts over seven years, it was proper for him to wait to present supportive evidence and argument until a reply brief that he was permitted to file after this Court ostensibly reopened final judgment six years after final judgment was entered in this case for the second time. Ayestas Resp. Mot. Strike (Opp'n) 1, ECF No. 127. He is wrong, and his actions in fact bear "indicia of strike-worthiness." *Id*. at 2. This Court should therefore strike Ayestas's new evidence and argument.

---

[1] The Director alternatively asked for leave to file a surreply to Ayestas's reply. Mot. Strike 1. Ayestas does not oppose that alternative request. The Director's instant reply, therefore, addresses only Ayestas's opposition to the Director's motion to strike.

# ARGUMENT

## I. Ayestas Presented New Evidence *and* New Argument in Support of His Diligence.

In an attempt to excuse his actions, Ayestas relies primarily on distinctions without any difference. For example, he spends several paragraphs rehashing the lengthy procedural history related to the Siegler memo claims all to argue that "it strains credulity for the Director to argue that he lacked notice" of Ayestas's diligence argument. *See* Opp'n 3–9. The Director never suggested he lacked notice that Ayestas would argue diligence, notwithstanding that his argument gets the habeas burden all wrong. *See infra* Argument III. Regardless, as Ayestas admits, Opp'n 5, the Director acknowledged that Ayestas's conclusory diligence assertions were not a new argument, and had Ayestas stopped there—i.e., reasserting the same argument he's lost before three courts—the Director would not have had to file a motion to strike. *See* Mot. Strike 2. But he did not stop there.

Instead, for the first time in seven years, he argued that: 1) his state habeas counsel in fact reviewed the Harris County District Attorney Office's (Harris County) file at some point prior to 2014; 2) Harris County made an affirmative representation of withholding work product in Ayestas's case (though still nothing specifically about the Siegler memo); and 3) when state habeas counsel looked at the file in 1998, the Siegler memo was not part of the

file. *See* Ayestas's Reply in Support of Am. Pet. & Opp'n Mot. Summ. J. (Reply) 2, ECF No. 124; *see also* Reply Ex. A–D, ECF Nos. 124-1 through 124-4. And in support of those arguments, he proffered four never-before-seen exhibits purporting to establish the above. *See also* Reply Ex. A–D, ECF Nos. 124-1 through 124-4 (exhibits consisting of 1998 billing records from state habeas counsel and state habeas counsel's investigator, a letter from state habeas counsel to Harris County, and a July 2022 declaration from state habeas counsel describing his review of Harris County's file twenty years ago).

Despite Ayestas's protestations to the contrary, *see* Opp'n 1 (arguing the Director appears to be only "objecting to *evidence* necessary to respond to a defense"), he presented new arguments predicated on new evidence. And it's clear that it is new argument because the courts that ruled against Ayestas on these issues pointed to these exact pleading- and evidentiary-deficiencies in finding him not diligent. *See, e.g.*, Order 4 (this Court holding Ayestas failed to show his diligence where he did "not allege that the prosecutor's file was previously unavailable to him, or that the document was omitted from the file when it was produced"), ECF No. 63; *Ayestas v. Stephens*, 817 F.3d 888, 901 (5th Cir. 2016) (faulting Ayestas for "never suggest[ing that] he sought to examine the prosecution's file prior to the December 22 search that uncovered the memorandum"). Had Ayestas proffered the argument and evidence to those courts that he does now, the courts' opinions on those specific issues would

have made little sense. It is no coincidence that Ayestas, for the first time in seven years, scrounged up evidence purporting to address the courts' concerns.

And the Director did lack notice because no one—neither the courts nor the Director—knew that Ayestas sat on potentially relevant, responsive evidence purportedly showing his diligence for seven years. Ayestas *allowed* the courts to rule against him on the very question of diligence for seven years and waited until this Court (apparently and procedurally improperly[2]) reopened long-final proceedings before attempting to undo seven-years' worth of adverse decisions. More to the point, he proffered such evidence when the Director no longer had an opportunity to respond.[3] Ayestas's attempt to hide

---

[2]  The Director has vigorously and consistently objected to the propriety of the instant proceedings, wherein this Court has permitted Ayestas to file an amended petition seven years after final judgment was entered for the second time in this case. *See, e.g.*, Director's Mot. Reconsider, ECF No. 98. The Director does not rehash these objections now but highlights that Ayestas has taken advantage of the procedural complexities in this case to support his argument for why he was permitted to hold back new evidence and argument until a reply brief. Namely, he insinuates that he was never required to proffer such new evidence and argument until he was permitted the ability to plead his claim. *See, e.g.*, Opp'n 3 (arguing he was "denied leave to plead for years"), 9 (arguing that, even if his allegations were new, he was "entitled to plead responses to affirmative defense in his reply"). Ayestas should never have been permitted to plead at all, much less wait until this Court granted him that windfall to present evidence attempting to undermine prior court determinations.

[3]  Ayestas suggests that the Director merely titling his responsive pleading as an answer *and* a motion for summary judgment means that the Director has a reply as-of-right to Ayestas's reply. *See* Opp'n 2 ("Ayestas has no objection to the filing of what the Director describes as a sur-reply; the Director would be entitled to file a reply in favor of the summary judgment motion anyways."). In this he hides behind traditional civil litigation principles to turn habeas litigation on its head, and the Director addresses this component of Ayestas's argument below. *See infra* Argument III. But here the Director notes that the Court's scheduling order did not permit a

4

behind a false distinction between new evidence and new argument, or to say that merely saying the word "diligence" means he could claim none of it is new, should not be condoned.

## II. Ayestas Should Have Presented His New Evidence and Argument Long Ago.

Ignoring the seven years of diligence-related litigation history, Ayestas insinuates he was never required—or perhaps even permitted—to submit evidence supporting his diligence arguments until he was allowed to *plead* his claims. *See, e.g.*, Opp'n 5 (arguing that his amended petition was his "first opportunity to plead constitutional violations" and he pleaded his diligence in anticipation of the Director's procedural defenses). The logical conclusion of Ayestas's argument is that he was somehow *prevented* from presenting his new evidence and argument to the courts at any point prior to his amended petition (and he was not required to do so even then, *see* Opp'n 9). *See, e.g.*, *id.* at 3, 9. Ayestas's argument on this point is disingenuous.

Indeed, as indicated above, the courts repeatedly ruled against him on the diligence issue for seven years. In 2015, this Court found Ayestas not diligent precisely *because* he failed to offer evidence or argument supporting such. *See supra* Argument I (quoting Order 4, ECF No. 63). If Ayestas had

---

responsive brief from the Director after Ayestas's reply. *See* Sched. Order 1, ECF No. 114. The Director would thus not have filed a responsive brief without leave of Court, regardless of whether his pleading was titled a motion for summary judgment (as the Southern District requires, *see infra* Argument III).

evidence or argument he believes shows that some part of "the prosecutor's file was previously unavailable to him," Order 4, ECF No. 63, or that the Siegler memo "was omitted from the file when it was produced," *id.*, he should have brought it to this Court's attention then, particularly when he later sought appellate review of this Court's rejection of his diligence. He could have, for example, filed a motion to reconsider in which he attached the evidence and argument he proffers now. In fact, and most egregiously, Ayestas appears to believe that at least some of the evidence he proffers now was actually part of the record before the court. *See* Opp'n 6 (arguing he did "nothing improper" when he proffered evidence in his reply, especially when "some of [that evidence] is already in the record in this case" (citing ECF No. 40-1, at 185)[4]). If that is so, Ayestas's failure to direct this Court's attention to it is particularly condemnable.

Regardless, even if Ayestas did not present such evidence to this Court then, he had many opportunities to present it to *any* court later. First, when he chose to appeal this Court's rejection of his diligence arguments, he could

---

[4] Ayestas's citation is to *trial counsel*'s billing records, not state habeas counsel's billing records, i.e., the only attorney relevant to his instant new diligence arguments. *See* ECF No. 40-1, at 185 (billing record certified on July 10, 1997, signed by attorney Diana Olvera). Thus, Ayestas's citation does not support his argument that state habeas counsel's billing records were in the record before this Court. But even if they were, that only serves to highlight the extreme dilatoriness with which he presents new arguments and evidence for the first time in seven years—if all Ayestas had to do was cite the record in this case, he has no excuse for failing to do so in 2015.

have sought to expand the record on appeal to include the evidence he now proffers. *See Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984) ("Although a court of appeals will not ordinarily enlarge the record to include material not before the district court, it is clear that the authority to do so exists."); *United States v. Fernandez-Cusco*, 447 F.3d 382, 386 (5th Cir. 2006) ("Although generally we will not expand the record on appeal, we may do so." (citing *Gibson*, 744 F.2d at 405 n.3)). Failing that, he could have sought a remand from the Fifth Circuit so that this Court could have an opportunity to first address the new evidence. He did neither, again allowing another court to rule against him while he sat on potentially relevant evidence.

Second, when Ayestas filed his subsequent writ in the Texas Court of Criminal Appeals (CCA), he could have—and should have—proffered any evidence or argument he had purporting to establish his diligence. Indeed, he was *required* to show that "the factual or legal basis for [his] claim[s] was unavailable on the date the applicant filed the previous application." Tex. Code Crim. Proc. art. 11.071 § 5(a)(1). Ayestas filed his initial state habeas application on December 9, 1998, *see* 1 State Habeas Clerk's Record (SHCR)-01 at 2, so he needed to explain to the CCA why the memo wasn't available then. But he failed to do so, resulting in a negative finding against his credibility, a finding to which this Court must defer under 28 U.S.C.

§ 2254(e)(1). *See* Director's Answer & Mot. Summ. J. (Director's Answer) 21 (citing *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018)).

Third, he should have proffered his new evidence and argument when he filed his 2021 motion to reopen judgement under Federal Rule of Civil Procedure 60(b).[5] Though Ayestas's Rule 60(b) motion was almost entirely predicated on the change in law wrought by *Banister v. Davis*, 140 S. Ct. 1698 (2020), *Banister* was an insufficient basis, by itself, to grant Rule 60(b) relief. *See* Director's Opp'n Ayestas's Rule 60(b) Mot. (Director's Opp'n Rule 60(b)) 26–33 (arguing Ayestas failed to demonstrate extraordinary circumstances). Because what Ayestas was really seeking was to undo this Court's, the Fifth Circuit's, and the CCA's diligence findings, Ayestas should have been required to proffer any evidence available to him that he believed supported his diligence. This is particularly true where this Court: 1) denied Ayestas's post-judgment motion for leave to amend his federal petition *because* he "fail[ed] to make any showing that [the Siegler memo] . . . could not have been previously discovered through the exercise of due diligence," Order 4, ECF No. 63; 2) denied Ayestas's post-judgment motion to stay and abate because "he

---

[5] Indeed, continuing to belabor the Director's supposed "concession" regarding the work-product status of the Siegler memo in the Supreme Court, Ayestas argues that his new evidence "attempts to finally resolve the long-lingering diligence questions raised by the Director's earlier refusal to acknowledge that the Siegler Memorandum was withheld." Opp'n 6. In Ayestas's own words, the question of diligence was "long-lingering"; this is a concession from Ayestas that the new evidence should have been raised long ago.

8

fail[ed] to demonstrate that the factual or legal basis of the claim was previously unavailable" and thus "it is clear" the CCA would dismiss his claims, *id.* at 6; and 3) denied Ayestas's "supplemental" Rule 59(e) motion at least partially because "the new claim is not within the scope of the remand" from the Fifth Circuit, Mem. Op. & Order 3, ECF No. 64. These findings had nothing to do with *Banister*, yet this Court did not require Ayestas to even engage with, much less disprove, them. But he should have, and his failure to do so was still another way he sandbagged the courts.

Fourth, and at the very latest, Ayestas should have done so with his amended petition. Ayestas has no good faith argument that he had to await the Director's answer to see what procedural bars would be raised before he was required to proffer supporting evidence. The courts had *already* ruled against him on those very issues for seven years. And the Director had *already* raised the many procedural obstacles that should have prevented both post-judgment relief and any relief on his claims. *See, e.g.*, Director's Opp'n Rule 60(b) 29–31 (arguing Rule 60(b) relief should not be granted because his claims are untimely and procedurally barred); *see also* Director's Mot. Reconsider 12–19 (lodging numerous objections to Court's order granting Rule 60(b) relief, including that the claims were procedurally barred by the CCA's dismissal, that the Court's order was "in direct tension" with the Fifth Circuit's diligence finding, and that the claims were untimely). Ayestas did not file his amended

petition in a vacuum, and his decision to await until the *reply* brief no less further emphasizes his gamesmanship. This Court must strike his new evidence and argument.

III. **Ayestas Has No Justification for Awaiting the Director's Answer to Present New Evidence and Argument.**

Ayestas's final defense of his decision to wait until his reply brief to adduce new evidence and argument for the first time is two-fold. First, he believes the habeas rules do not require him to address any procedural impediments to federal habeas relief until after the Director raises such procedural defenses in his answer. *See* Opp'n 8–10. But importantly, second, he believes the Director titling his responsive pleading an answer *and* motion for summary judgment permitted, if not required, him to adduce whatever new evidence he wanted in his response to that motion. *See id.* at 2 (making specific argument in the "Standard of Review" regarding motions for summary judgment), 6–7 (arguing there is no authority that "holds or even intimates that parties responding to summary judgment motions are barred from attaching new evidence"), 7–8 (arguing the habeas rules do not "specify some specially tailored summary judgment procedure in § 2254 cases, so FRCP 56 still *requires* that non-movants be permitted to response to summary judgment by introducing certain '[m]aterials not yet in the record . . . .'" (emphasis added) (quoting Fed. R. Civ. P. 56 Comm. Notes on Rules – 2010 Amendment)).

As a preliminary matter, it is true that the Director's responsive pleading is titled "Respondent's Answer and Motion for Summary Judgment." *See* Director's Answer at cover. But the Director never again even mentioned the words "summary judgment," much less cited to Federal Rule of Civil Procedure 56. *See generally id*. To the contrary, at the beginning of the substantive argument, the Director used only "Answer" in the heading. *See id*. at 1. The Director titled the pleading as such in accordance with this District's decades-long practice to require motions for summary judgments in lieu of, or in addition to, answers in § 2254 cases. *See, e.g.*, Resp't Answer & Mot. Summ. J., *Aranda v. Collins*, No. V-89-13 (S.D. Tex. Dec. 31, 1991) (Director's answer and summary judgment motion filed on August 9, 1990), ECF No. 19; Order 1, *Mullis v. Lumpkin*, No. 3:13-CV-121 (S.D. Tex. July 20, 2021) (show cause order issued by Judge Gray Miller requiring the Director to file "an answer *and* any dispositive motion" to petitioner's federal habeas petition (emphasis added)), ECF No. 30. The Director does so in this District but no others as a courtesy to the Court and nothing more. Ayestas, apparently unfamiliar with this practice, makes much ado about nothing.

But even if the Director's responsive pleading *were* a motion, the habeas rules control. *See* Rule 12, foll. 28 U.S.C. § 2254 (stating Federal Rules of Civil Procedure may be applied to § 2254 proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Fed. R.

Civ. P. 81(a)(4)(A) (applying Federal Rules of Civil Procedure in habeas cases "to the extent that the practice in those proceedings . . . is not specified in a federal statute [or] the Rules Governing Section 2254 Cases"). And as a sister court has recognized, both the habeas rules and § 2254 instruct that it is *Ayestas*'s burden to show entitlement to federal habeas relief. *See* Order 2, *Cruz-Garcia v. Davis*, No. 17-3621 (S.D. Tex. Apr. 30, 2020) (Gilmore, J.) ("At the heart of the matter before the Court is a fundamental principle of habeas corpus jurisprudence: 'the habeas petitioner generally bears the burden of proof . . . .'" (quoting *Garlotte v. Fordice*, 515 U.S. 39, 46 (1995))), ECF No. 33 (*Cruz-Garcia* Order).[6]

"Entitlement to relief in habeas corpus is limited by various stringent statutory and jurisprudential principles," *id.*, including that Ayestas must demonstrate that he can overcome procedural barriers to relief, *see Coleman v. Thompson*, 501 U.S. 722, 748 (1991) ("[A] state procedural default of any federal claim will bar federal habeas unless the *petitioner* demonstrates cause and actual prejudice." (emphasis added)). "Thus, the process of litigating a habeas case proceeds in a different manner than a traditional civil case in several areas, including the availability of discovery." *Cruz-Garcia* Order 2–3.

---

[6] A copy of the *Cruz-Garcia* Order is attached as Exhibit A.

Indeed, unlike civil litigation, "Habeas Corpus Rule 2(c) is more demanding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Where an ordinary civil complaint under Federal Rule of Civil Procedure 8(a) "need only provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests,'" Rule 2(c) "provides that the petitioner must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Id*. "[C]onclusory allegations unsupported by specifics [are] subject to summary dismissal[.]" *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Similarly, Rule 2(d) requires a petitioner to file the attached form petition or provide substantially the same information as required by either the form or the court's local rules. Rule 2(d), foll. 28 U.S.C. § 2254. The form requires the petitioner to state whether and when the claim was presented to state court, explain why state court remedies were not exhausted, and address the timeliness of his petition. *See* Form AO 241,uscourts.gov/sites/default/files/AO_241_0.pdf. While Ayestas applauds himself for anticipating the Director's procedural defenses (defenses which were raised prior to the filing of the amended petition, regarding issues on which he has lost in three different courts), *see* Opp'n 8 (arguing he went "above and beyond his pleading burden"), he did the bare minimum that even a pro se petitioner must do when submitting a form.

13

It wasn't enough. Ayestas was required to plead *facts* supporting his entitlement to relief in his petition. This included *facts* supporting his argument that he was diligent in pursuing his claims and, thus, could overcome the statute of limitations and the procedural bar. It is his burden to both plead *and prove* these facts. Ayestas's pleading burden did not change merely because the Director referred to summary judgment in the title of his pleading—a title the Director was required by this District to make. Indeed, in relying solely on summary judgment principles, Ayestas ignores a whole host of procedural limitations on the presentation of new evidence in habeas cases. *Cf. Shinn v. Martinez Ramirez*, 142 S. Ct. 1718, 1728 (2022) (noting that the standard to "expand the state-court record is a stringent one" and that AEDPA generally bars all evidentiary hearings in "all but the[] extraordinary cases"). Ayestas's belief that a single reference to summary judgment is enough to shift the burden from him to the Director—and to flip the standard habeas procedure on its head—is directly inconsistent with the habeas rules.[7] *See, e.g.*, *Browder v. Director, Dep't Corrs. of Ill.*, 434 U.S. 257, 269 n.14 (1978) ("The custodian's response to a habeas corpus petition is not like a motion to dismiss.").

---

[7] To the extent that this Court would saddle the Director with an additional burden merely because he complied with this Court's practice, the Director would request that the Court strike the motion portion of his responsive pleading and consider it as an answer only.

14

In sum, Ayestas lost in three courts over seven years on the question of his diligence. Instead of adducing all potentially relevant facts with his amended petition, he waited until the Director filed his answer before raising new evidence and argument challenging those court decisions for the first time in seven years. Taking advantage of this District's requirement that the Director file an answer and a dispositive motion, he uses normal civil litigation rules as a post-hoc justification for his blatant abuse of this Court's goodwill in apparently reopening proceedings that never should have been reopened. To not strike Ayestas's dilatory presentation of new evidence and argument at this juncture of the proceedings would be to "needlessly prolong" a habeas case, which this Court "may *never*" do. *Martinez Ramirez*, 142 S. Ct. at 1739. This Court should thus strike Ayestas's new evidence and argument.

## CONCLUSION

The Director respectfully requests that the Court strike Ayestas's new evidence and argument presented for the first time in his reply. Alternatively, the Director requests leave to file a sur-reply within fourteen days of the Court granting such leave.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

15

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Assistant Attorney General
Chief, Criminal Appeals Division

s/ Gwendolyn S. Vindell
GWENDOLYN S. VINDELL*
*Lead Attorney   Assistant Attorney General
State Bar No. 24088591
Southern ID No. 2202376

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing pleading was served by placing same in the United States Mail, postage prepaid, on this the September 20, 2022, addressed to:

Sheri L. Johnson
Cornell University
School of Law
240 Myron Taylor Hall
Ithaca, NY 14853-4901

Lee Benjamin Kovarsky
Phillips Black, Inc.
727 East Dean Keeton Street
Jon 6.222
Austin, TX 78705

                                              s/ Gwendolyn S. Vindell
                                              GWENDOLYN S. VINDELL
                                              Assistant Attorney General