**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-CV-2999 |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, TEXAS | § | |
| DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
| *Respondent*. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner's Motion to Compel Discovery From the Harris County District Attorney's Office.  ECF 201.  The District Court has referred this discovery dispute to United States Magistrate Judge Christina A. Bryan for resolution.  ECF 204.  The Motion has been fully briefed and is ripe for resolution.  ECF 202; ECF 203.

### I.    Procedural Background

Petitioner Ayestas was convicted of capital murder in Texas state court in 1998.  He filed a Petition for Writ of Habeas Corpus in this Court in September 2009.  ECF 1.  After initial denial of the Petition, the United States Supreme Court remanded the case to the Fifth Circuit for consideration of intervening Supreme Court decisions and the Fifth Circuit remanded it to this Court.  ECF 131 at 2.  On March 16, 2023, District Judge Sim Lake denied

Respondent's Motion for Summary Judgment and Granted Petitioner's Motion for Discovery pursuant to Habeas Rule 6.  ECF 131 (Rule 6 Order). The Court found that "at this juncture . . . the Court cannot say that [Respondent's] defenses preclude relief," and that Petitioner met his burden to show good cause for discovery.  *Id.* at 16-17.

Petitioner then began protracted efforts to obtain discovery from Respondent, as well as from third parties the Harris County District Clerk's Office and the Harris County District Attorney's Office (HCDA).  Petitioner initially served a subpoena on HCDA on August 7, 2023.  Petitioner served a narrowed request for charging memoranda and defendant case files on November 21, 2024.  HCDA objected to the discovery requests on the basis of the work product and deliberative privileges as well as burden, expense, and relevance. On January 16, 2025, Petitioner requested production of Petitioner's full prosecution file and HCDA objected that the file was protected by the work product privilege.  Although HCDA has apparently produced some documents, Petitioner asserts the need for the requested documents to "obtain the highest-value data" for his statistical analysis.  Now pending is Petitioner's Motion to Compel Discovery From the Harris County District Attorney's Office, which has been fully briefed and is ripe for resolution.  ECF 201-03.

## II.    Analysis

Petitioner seeks an order compelling Respondent to produce:

(i) charging memoranda created from 1979 to 2008 (the 'Covered Period') for comparator defendants charged with capital murder who are sufficiently likely to be non-white, foreign nationals, or non-citizens; (ii) charging memoranda from the Covered Period for comparator defendants charged with capital murder of victims with certain demographic attributes; (iii) full access to the prosecutorial file from the Ayestas prosecution, including any material that the HCDA treats as privileged and confidential.

ECF 201 at 6.  Item (ii) seeks charging memoranda in cases where the victim was a minor or over 60 years old.  ECF 201 at 6 n.2.  HCDA argues, like Respondent before it, that Petitioner has not met the requirement of *United States v. Armstrong*, 517 U.S. 456, 465 (1996) to show that he was treated differently than similarly situated individuals of a different nationality or race. ECF 202 at 9-12.  The Court has overruled this objection "on several occasions."  ECF 198 at 8.  It does so again here.

HCDA also argues that production of the requested discovery would violate the work product and deliberative privileges and would create an undue burden on HCDA.  HCDA has the burden of demonstrating the applicability of the asserted privileges and the undue burden.  *See Topsoe, Inc. v. Casale US, Inc.*, No. 3:24-CV-00033, 2025 WL 227344, at \*7 (S.D. Tex. Jan. 17, 2025) (citing *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the*

*Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985) (addressing privilege));

*Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)

(addressing undue burden).  A party resisting discovery as unduly burdensome

must submit affidavits or offer other evidence to prove the nature of the

burden.  *See United States v. 4.620 Acres of Land, more or less, in Hidalgo*

*Cnty., Texas*, No. 7:20-CV-00154, 2021 WL 973460, at *1 (S.D. Tex. Mar.

16, 2021) (holding that "[a] valid objection must be backed by evidence and

cannot be shown by boilerplate complaints of undue burden or that a discovery

request was overly broad"); *see also Samsung Elecs. Am. Inc. v. Yang Kun*

*"Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (holding that "[a]

party resisting discovery must show how the requested discovery is overly

broad, unduly burdensome, or oppressive by submitting affidavits or offering

evidence revealing the nature of the burden").

The HCDA makes only conclusory arguments regarding burden and

does not submit any supporting evidence.  *See* ECF 202.  Consistent with the

Court's prior Order granting Petitioner's Motion for Discovery under Rule

6(b) of the Rules Governing Section 2254 Cases in the United States District

Courts and the Court's prior Orders on discovery disputes between Petitioner

and Respondent, the Court finds that the material Petitioner seeks is relevant

and proportional to the needs of the case.  *See* ECF 131; ECF 137; ECF 147;

ECF 172; ECF 198.  Thus, the Court will move directly to discussion of the HCDA's assertions of privilege.

### A. The work product privilege does not protect the documents Petitioner seeks from discovery.

The work product privilege is embodied in Federal Rule of Civil Procedure 26(b)(3), which states:

**(3) *Trial Preparation: Materials.***

**(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)** they are otherwise discoverable under Rule 26(b)(1); and
**(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Prosecutors are entitled to protection of their work product to the same extent as defense counsel.  *United States v. Nobles*, 422 U.S. 225, 238 n.12 (1975) (noting that state and federal courts have applied work product "protections to the files of the prosecution and the accused alike.").  The Fifth Circuit has held that the work product privilege protects documents prepared in connection with a prior criminal prosecution if they were prepared by or for any party in the subsequent civil action.  *In re Grand Jury Proc.*, 43 F.3d 966,

971 (5th Cir. 1994) (holding that "the literal language of the Rule protects materials prepared for *any* litigation or trial *as long as they were prepared by or for a party to the subsequent litigation.*" (quoting *FTC v. Grolier, Inc.*, 462 U.S. 19, 25 (1983) (first emphasis in original, second emphasis added)); *Lee v. City of Midland*, No. 7:22-CV-0185-BL, 2024 WL 4005959, at \*8 (W.D. Tex. Feb. 15, 2024). Further, to the extent the work product privilege attaches to prosecutor work product, it is overcome where prosecutorial misconduct is at issue in collateral litigation. *See United States v. Rodgers*, No. 4:20-CR-00358, 2022 WL 1074013, at \*7 (E.D. Tex. Apr. 8, 2022) (finding that review of cases "reveals a common thread among them—opinion work product privilege can be overcome when the material sought constitutes the heart of the issues in the case.").

The HCDA relies primarily on *Atchison v. City of Tulsa, Oklahoma*, 344 F.R.D. 28, 30 (N.D. Okla. 2023) for its position that a non-party may assert work product protection and that the work product privilege protects prosecutors' files in a criminal defendant's subsequent civil action. *Atchison* is readily distinguished from the current case because the plaintiff there did "not assert that TCDA engaged in any wrongful conduct in its prosecution of him based on the allegedly wrongful information provided by the City and the officers." *Id.* at 30. Here, prosecutor misconduct "constitutes the heart of the

6

issues" in Petitioner's case. *United States v. Rodgers*, 2022 WL 1074013, at *7.

In addition, HCDA makes the argument that the withheld documents constitute "opinion" work product, not "ordinary" work product, and therefore Petitioner's substantial need for the documents is irrelevant.[1] ECF 202 at 19. While district courts in the Fifth Circuit apply a high level of protection to opinion work product, the privilege is not absolute. *See Est. of Christman v. Liberty Mut. Ins. Co.*, No. CV 20-739-BAJ-RLB, 2021 WL 2325330, at *6 (M.D. La. June 7, 2021) (stating "opinion work product becomes subject to disclosure when 'mental impressions are at issue in a case and the need for the material is compelling.'" (citations omitted)); *S.E.C. v. Brady*, 238 F.R.D. 429, 443 (N.D. Tex. 2006) (a court may compel discovery of opinion work product if the requesting party demonstrates a compelling need for the information). In this habeas corpus case in which prosecutorial misconduct is at issue and in which the victim and perpetrator statistics being sought are highly relevant and important to Petitioner's case, Petitioner has met the higher "compelling" need standard. Therefore, the Court concludes that the

---

[1] Furthermore, as far as the Court can tell, HCDA has not produced, or offered to produce, "ordinary" work product either. Surely not every document in Petitioner's prosecution case file is opinion work product.

documents Petitioner seeks are not protected by the work product privilege and must be produced.

### B. The deliberative process privilege does not protect the documents Petitioner seeks from discovery.

The deliberative process privilege is a form of executive privilege that "shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated'" *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).  The privilege protects pre-decisional documents, not final agency decisions.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 150-51 (explaining that courts uniformly distinguish between pre-decision communications, which are privileged, and post-decision communications, which are not).

The HCDA argues that the charging memoranda are recommendations from lower-level prosecutors to the Elected District Attorney as to the appropriate disposition in each case.  ECF 202 at 21.  Therefore, according to HCDA, the charging memoranda fall squarely within the deliberative process privilege.  The HCDA has not cited, and the Court has not found, a case from within the Fifth Circuit applying the deliberative process privilege to protect the charging communications of a district attorney's office.

Petitioner argues, by reference to his own charging memorandum, that the memoranda are not recommendations that are "pre-decisional and deliberative." ECF 203 at 14-15. According to Petitioner, the charging memoranda "embody [the DA's] final decision as made clear by the fact that Johnny Holmes wrote his final decision on Ayestas's memorandum and initialed it." *Id.* at 15. The HDCA cannot use the deliberative process privilege to evade production by hiding "a functionally final decision in draft form." *Sierra Club*, 592 U.S. at 273. Petitioner also argues that the deliberative process privilege applies only to deliberation of an "important public policy," not decisions in individual cases. ECF 203 at 14 (citing *Jud. Watch, Inc. v. United States Dep't of Just.*, 20 F.4th 49, 54 (D.C. Cir. 2021) (recognizing Congressional concern about overuse of the deliberative process privilege and holding that the privilege protects only deliberative documents

Finally, Petitioner argues that application of the deliberative process privilege here "is a nonsequitor" because this case turns on the prosecutor's intent. ECF 203 at 16. The Court agrees. *See In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir.), on rehearing 156 F.3d 1279, 1280 (D.C. Cir. 1998) (holding deliberate process privilege does not apply "when a plaintiff's cause of action turns on the government's subjective intent); *In re Delphi Corp.*, 276 F.R.D. 81, 85

9

(S.D.N.Y. 2011) (holding that "[w]here the deliberative or decisionmaking process is the 'central issue' in the case, the need for the deliberative documents will outweigh the possibility that disclosure will inhibit future candid debate among agency decision-makers.").

The Court finds that the HCDA has not met its burden to establish that the requested documents are protected from discovery by the deliberative process privilege.

### III.   Conclusion and Order

For the reasons discussed above, it is

ORDERED that Petitioner's Motion to Compel (ECF 201) is GRANTED.  It is further

ORDERED that within 30 days of entry of this ORDER the HCDA shall produce:

> (i) charging memoranda created from 1979 to 2008 (the "Covered Period") for comparator defendants charged with capital murder who are sufficiently likely to be non-white, foreign nationals, or non-citizens; (ii) charging memoranda from the Covered Period for comparator defendants charged with capital murder of victims with certain demographic attributes; (iii) full access to the prosecutorial file from the Ayestas prosecution, including any material that the HCDA treats as privileged and confidential.

Signed on June 03, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge