United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CARLOS MANUEL AYESTAS,<br>*Petitioner*,<br><br>v.<br><br>ERIC GUERRO, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,<br>*Respondent*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:09-CV-2999 |

**MEMORANDUM AND ORDER**

The Court on June 3, 2025 granted Petitioner's Motion to Compel Discovery from the Harris County District Attorney's Office (HCDAO). ECF 205. The HCDAO filed a Notice of Appeal. ECF 206. The Court granted HCDAO's Motion to Stay compliance with the June 3, 2025 Order pending the Fifth Circuit's ruling. ECF 209. Pending before the Court is Petitioner's Motion for Reconsideration of the Stay Order. ECF 212.

Petitioner argues that HCDOA has not satisfied the traditional standards for a stay pending appeal set forth in *Nken v. Holder*, 556 U.S. 418, 425–26 (2009), which are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)

where the public interest lies." Petitioner contends that HCDOA has failed to meet all four *Nken* factors but primarily argues that HCDOA has not made a strong showing that it is likely to succeed on the merits because the Fifth Circuit lacks jurisdiction over the appeal. *See* ECF 212 at 8-14; ECF 215.

Petitioner ignores a significant distinction between this case and *Nken*—neither this case nor any dispositive ruling of this Court is stayed pending appeal. The stay applies ***only*** to HCDOA's obligation to comply with the Court's June 3, 2025 discovery order. ECF 209. This Court has wide discretion to stay compliance with its own discovery order "in the control of its docket and in the interests of justice." *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995); *see also Merritt v. Hamilton-Ryker IT Sols., LLC*, No. 3:24-CV-00107, 2024 WL 4259863, at *2 (S.D. Tex. Sept. 10, 2024) (citations omitted); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (stating that "[t]he stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation.").

Moreover, the Fifth Circuit denied Petitioner's Motion to Dismiss for Lack of Jurisdiction on September 8, 2025. Appeal No. 25-70014, ECF 29. HCDOA's appeal has been fully briefed as of October 27, 2025. *Id.* ECF 30, 33, 37. The Court defers to the Fifth Circuit to determine its own jurisdiction.

If an extension of any existing Docket Control Order deadlines is necessary due to the delay, Petitioner may move for an extension. It is therefore

ORDERED that Petitioner's Motion for Reconsideration (ECF 112) is DENIED.

Signed on December 01, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge